REFUNDING BOARD OF ARKANSAS *v.* BAILEY.

4-3849

Opinion delivered March 11, 1935.

*J. L. Shaver, Brooks Norfleet, Jeptha H. Evans* and *Charles I. Evans,* for appellant.

*Walter L. Pope,* for appellee.

MEHAFFY, J. The appellee, H. A. Bailey, a citizen, resident and taxpayer, brought this suit against the appellant, asking that the appellant be permanently restrained and enjoined from issuing any greater amount of refunding certificates to Street Improvement District No. 2 of Booneville, Arkansas, than $75,652.78.

The appellant states: "The question involved in this case is the amount of refunding certificates to which Street Improvement District No. 2 of Booneville, Arkansas, is entitled under §§ 11 and 12 of act 11 of the Acts of 1934." Both parties, in fact, agree that this is the only issue to be determined by this court.

The complaint alleged that §§ 11 and 12 of act 11 of 1934 provide for the issuance of refunding certificates of indebtedness to municipalities and street improvement districts in an amount equal to the outstanding and unpaid certificates under act No. 8 of 1928 and Nos. 85 and 248 of the Acts of 1931, which were issued to street improvement districts in cities and towns for constructing continuations of State highways through cities and towns. It is alleged that on November 21, 1934, the Refunding Board passed a resolution respecting the issuance of refunding obligations in lieu of certificates of indebtedness. The resolution is made a part of the complaint. Improvement District No. 2 of Booneville, Arkansas, was organized for the sole purpose of improving streets which are continuations of State highways through the city of Booneville. Said improvement district issued bonds in the principal sum of $98,500, for which the district actually received in cash the sum of $89,920.65. The district proceeded to pave said streets under the supervision of the Highway Commission at a cost of $85,317.87, the improvement being completed in 1931. On January 26, 1931, the State Highway Commission issued to said improvement district, under act 8 of 1928, a certificate in the sum of $29,665 with interest at 4½ per centum from January 1, 1930. The Highway Commission decided that it would pay only for one-half the cost of a slab of concrete 36 feet wide through the municipality, regardless of the width of such concrete road through the municipality, and it refused to participate in the cost of curbing and turnouts. The road through Booneville for which said certificates was issued, through the business section of the town, is more than 36 feet in width, and it has curbing throughout the entire length, except at street intersections, where turnouts were constructed. The turnouts are wholly on the street, which is a continuation of the State highway through said municipality, but said turnouts are built at right angle to the main slab, constituting the State highway, for the purpose of permitting traffic on intersecting streets to drive upon the concrete slab. Said turnouts at said intersections occupy that portion of the street which would be

a continuation of the sidewalks paralleling the street that is a continuation of the State highway.

On August 1, 1932, the Highway Commission issued to said improvement district certificate No. 59 under act 248 of 1931 in the sum of $109,730.69, of which amount $67,823 was principal and $41,907.69 was interest. The certificate for $29,665 principal under said act No. 8 and $67,823 principal under act 248 make a total principal of $97,488 of certificates issued to said improvement district. The State has paid $4,488 of the principal sum, leaving a balance due of $93,000 principal and interest thereon to January 1, 1934, of $6,599.18, as certified to the Refunding Board by the director of the Highway Commission under said act No. 11.

It is alleged that the amount paid the contractor for improving said streets was $78,068.11; that the laboratory, engineering and attorney's fees and other necessary and proper costs amount to $7,249.76, making a total of $85,319.87 for the construction of said State highway. It is also alleged that only 93.935 per cent. of the total area of the pavement by said district constitutes a continuance of said highway, because of the fact that at street intersections turnouts were built to the line of intersecting streets which were never, and are not now, State highways. The pavement upon the said turnouts and curb constitute 6.065 per cent. of the total area of the pavement by said improvement district No. 2. The cost of said improvement district No. 2 of Booneville, Arkansas, totals $93,000 of principal of certificates of indebtedness, on which there is interest due up to January 1, 1934, of $6,599.18, as certified to the Refunding Board. It is alleged that the Refunding Board is about to issue refunding certificates under the provisions of act 11 for the entire amount of principal of the outstanding certificates of indebtedness in the sum of $99,599.18. It is alleged that the Refunding Board does not have authority to issue certificates for any greater amount than the cost to the district, which is alleged to be $75,652.78. The refunding certificates about to be issued are general obligations of the State of Arkansas, and are negotiable and payable out of the general State highway fund, raised by

taxation on motor vehicles, and asking that the board be restrained from issuing refunding certificates in excess of $75,652.78.

Appellants filed a demurrer which stated that the complaint does not state facts sufficient to entitle the plaintiff to the relief prayed for, or any relief whatsoever. The court overruled the demurrer, the appellant refused to plead further, elected to stand upon its demurrer, and the court thereupon granted the relief prayed for. The case is here on appeal.

Counsel have discussed at length the statutes providing for paying part of the cost of constructing highways through municipalities, beginning with act 184 of the Acts of 1927. Several acts were passed subsequent to the passage of this act. We have carefully considered them in connection with act 11 of 1934. The primary rule of construction of statutes is to ascertain and give effect to the intent of the law-makers.

Section 11 of act 11 of 1934 reads as follows: "In instances where municipalities or street improvement districts have improved streets through cities and towns, which streets are continuations of State highways, and said municipalities or districts were given aid or are entitled to aid by the issuance of certificates of indebtedness under act No. 248 of 1931, it shall be the duty of the State Highway Commission to ascertain and report to the Refunding Board by municipalities or districts the amount of said certificates, together with the interest unpaid thereon to January 1, 1934, and the amount of aid to which any of said municipalities or districts may be entitled in instances where certificates have not been issued to them which represents the actual cost of improving the streets which are not the actual continuation of a State highway. Any municipality or street improvement district entitled to aid under said act 248 for which no certificates have been issued shall apply to the State Highway Commission for aid within sixty days from the effective date of this act or thereafter be forever barred from the benefits hereof.

"It is the purpose of this and the next sections of this act to authorize the issuance of refunding certificates

of indebtedness to municipalities and street improvement districts, in an amount equal to the actual cost of improving streets which are now continuations of a State highway through cities and towns, irrespective of the validity or invalidity of any previous statutes upon the subject.''

It will be observed that the last paragraph of the above section authorizes the issuance of refunding certificates of indebtedness in an amount equal to the actual cost of improving the streets, and it states that it is the purpose of this section and the following sections to authorize an amount equal to the actual cost of improving the streets. The first paragraph of § 11 also provides that the aid given shall be that which represents the actual cost of improving the streets.

In construing a statute, it may be, and frequently is, necessary to consider other acts in connection with the act under consideration in order to ascertain the intention of the Legislature. But where, by the act itself, the intention of the Legislature is plain from the face of the statute and the language used, there is no room for construction.

''It is beyond question the duty of courts in construing statutes to give effect to the intent of the law-making power, and seek for that intent in every legitimate way. But, * * * first of all, in the words and language employed; and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation. The statute itself furnishes the best means of its own exposition; and if the sense in which words were intended to be used can be clearly ascertained from its parts and provisions, the intention thus indicated will prevail without resorting to other means of aiding in the construction.'' Lewis' Sutherland Statutory Construction, vol. 2, p. 698.

The same author says in vol. 2, page 702: ''When the intention of the Legislature is so apparent from the face of a statute that there can be no question as to the meaning, there is no room for construction. * * * To attempt to do so would be to exercise judicial functions.

There is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses."

We think that from § 11 it appears plain that the Legislature intended to issue refunding certificates in an amount equal to the actual cost of improving the streets, and this irrespective of the validity or invalidity of any previous statutes upon the subject. That provision, by its very terms, not only applies to § 11, but to the subsequent sections. It is a plain declaration of the Legislature itself as to what it means.

We are of opinion that the chancery court correctly construed the statute, that the decree is correct, and it is therefore affirmed.