SMITH *v.* REFUNDING BOARD OF ARKANSAS.

Opinion delivered May 27, 1935.

*Verne McMillen,* for appellant.

*Carl Bailey,* Attorney General, and *Walter L. Pope,* for appellee.

*Cockrill, Armistead & Rector,* amici curiae.

McHANEY, Justice. By this suit appellant seeks to enjoin the refunding board from issuing refunding obligations to those municipal improvement districts of this State entitled thereto under the provisions of act No. 248 of the Acts of 1931 (page 770). As a basis for this action, it is contended that, first, said act No. 248 is void for the reason that, as enrolled and printed, it contains no enacting clause, as is required by § 19 of article 5 of the Constitution, which provides that: "The style of the laws of the State of Arkansas shall be: 'Be it enacted by the General Assembly of the State of Arkansas';" and, second, that, since said act is a nullity, the attempt of the General Assembly to provide for the refunding of certificates of indebtedness authorized by said act No. 248, by the enactment of §§ 11 and 12 of act No. 11, of the Extraordinary Session of 1934 (page 48), approved February 12, 1934, is likewise void, because not within the Governor's call for said Extraordinary Session.

A brief review of the acts of the General Assembly, authorizing the issuance by the Highway Commission of certificates of indebtedness to street improvement districts in municipalities, whose streets form a portion or a continuation of State highways through such municipalities, is deemed appropriate. At the Extraordinary Session of the General Assembly in 1928, act No. 8 (page 31), was passed, approved October 3, 1928, which amended act No. 184 of 1927 (page 645), entitled, "An Act to Provide for the Permanent Improvement of Continuations of State Highways Within the Corporate Limits of Cities of the First and Second Class." Said act No. 8, by § 1 (page 31), directed the State Highway Commission to designate for the purpose of said act "such streets and parts of streets within the corporate limits

of cities of the first and second class and incorporated towns as are continuations of duly designated and established highways passing through or into such cities or incorporated towns." Said act further (§ 4, p. 33) provides that one-half of the cost of the improvement of such streets within the corporate limits of cities and towns should be refunded to the district by the State as provided in the act, in annual installments, not less than ten, proportioned as nearly as practicable to the maturity of the bonds of the district. And it further (§ 5, p. 33) provides that said Commission should issue its certificates of indebtedness for said installments, payable to the district if it had no outstanding bonds, or payable jointly to the district and the trustee for the bondholder if the district had outstanding bonds.

The act also provides in § 6 (page 34) that said Commission may "issue like certificates of indebtedness for the State's portion of similar work done by improvement districts since June 9, 1927, or by districts where the plans were adopted by the commissioners before this act went into effect and after June 9, 1927, the amount in each instance to be determined by said Commission."

The General Assembly of 1931 also passed act No. 85, p. 247, Acts 1931. This act was entitled, "An Act to Aid in Paying Outstanding Bonds of Improvement Districts in Incorporated Towns that Paved Continuations of State Highways Through Said Incorporated Towns."

This act provides that any street improvement district having outstanding bonds where such district paved a thoroughfare that is a continuation of a State highway into or through the corporate limits of an incorporated town or city of the first or second class, and made no improvement on any other thoroughfare except the one that is an extension of a State highway, should receive aid in paying outstanding bonds and interest to the extent of 50 per cent. of the remaining bonds and interest as same become due and payable. In other words, this act authorized the payment of 50 per cent. of the remaining outstanding bonds of municipal improvement districts which had improved streets which were continua-

tions of State highways and no other streets. Section 3 of said act (page 249) reads as follows: "In considering the outstanding bonds and interest on which the State is to undertake to pay off half of same, said bonds shall only be the remaining outstanding bonds representing work done for excavation or borrow, surfacing, concrete curb when constructed as an integral part of the pavement or concrete base, drainage, subways, overhead crossings and reasonable overhead expense; it being the intention of this act to pay for such classes of work as the State is now contributing towards constructing as provided for in § 4 of act No. 8 of the Acts of 1928, whereby the State has been aiding in paving continuations of State highways through incorporated towns where the work was done since June 9, 1927."

Section 4 (page 250) provides that, as soon as the Commission has determined the amount of the remaining outstanding bonds of each district and the amount of aid each district is entitled to, the Commission shall issue certificates of indebtedness for the respective amounts due each city, town, or district in installments, as the remaining outstanding bonds are payable. Such certificates of indebtedness should be made payable to the city or town that issued said bonds if done by the city or town, and if done by an improvement district where bonds are outstanding, the certificates were to be payable jointly to the district and the trustee for the bondholders.

Later in the same session of the General Assembly (1931), act No. 248 (page 770) was passed which purports to amend act No. 184 of 1927 (page 645), and act No. 8 of 1928, Extra Session (page 31). This act (§ 1, p. 771) authorized and directed the State Highway Commission to designate such streets and parts of streets within the corporate limits of cities of the first and second class and incorporated towns as are continuations of State highways passing through such cities and towns. It further provided in § 2 (page 771) that the amount of the bonds unmatured for payment at the time of the passage of this act or interest thereon, issued by any municipality or city and town paving district having a

route and street therein on a State highway, "shall be refunded to the district by the State, as provided in § 4 hereinafter in this act, the * * * refund to be all of the unmatured cost as stated above in this paragraph if the work of construction contemplated by this act shall have been done by improvement districts since June 9, 1927, where the plans were adopted for State aid by the Highway Commission before the passage of this act and after June 9, 1927, the refund to be made in annual, or semi-annual installments, over not less than ten years, proportioned as nearly as practicable to the maturing bonds and interest of the district." The act further (§ 3, p. 772) provides for the issuance of certificates of indebtedness for the respective installments payable jointly to the district and trustee for the bondholders. Section 4 (page 773) of said act reads as follows:

"The State Highway Commission shall issue like certificates of indebtedness for the entire said unmatured cost of similar work done by improvement districts or municipalities since June 9, 1927, where the plans were adopted for State aid, by the Highway Commission before the passage of this act and after June 9, 1927, the amount in each instance to be determined by said Commissioner as indicated in the last preceding section, provided, however, in the disbursement of funds from the 'State Highway Fund,' in the State Treasury, the following items of expense shall have preference.

"Payment of 50 per cent. of the maturing bonds and interest of any district as required by law, where such district has paved a continuation of a State highway into or through an incorporated town or city.

"It being the intention that the annual revenues derived from gas tax, auto license fees, chauffeur's license fees or other taxes from users of the roads, shall first be used to provide necessary funds to care for 50 per cent. aid toward paying extensions of State highways into incorporated towns and cities, then out of remaining funds, same shall be used to pay 100 per cent. of the maturing

bonds and interest of certain street improvement districts as provided for herein.''

The Extraordinary Session of 1934 of the General Assembly passed act No. 11 (page 28), Acts 1934, commonly known as the Refunding Act. Sections 11 and 12 of said act (page 48) are material to this inquiry. The reporter will copy these sections as a footnote to this opinion.[1]

---

[1] Sections 11 and 12, act No. 11, Acts of 1934 (page 48):

Section 11. In instances where municipalities or street improvement districts have improved streets through cities and towns, which streets are continuations of State highways, and said municipalities or districts were given aid or are entitled to aid by the issuance of certificates of.indebtedness under act No. 248 of 1931, it shall be the duty of the State Highway Commission to ascertain and report to the Refunding Board by municipalities or districts the amount of said certificates, together with the interest unpaid thereon to January 1, 1934, and the amount of aid to which any of said municipalities or districts may be entitled in instances where certificates have not been issued to them, which represents the actual cost of improving streets which are now the actual continuation of a State highway. Any municipality or street improvement district entitled to aid under said act 248 for which no certificates have.been issued shall apply to the State Highway Commission for aid within sixty days from the effective date of this act or thereafter be forever barred from the benefits hereof.

It is the purpose of this and the next sections of this act to authorize the issuance of refunding certificates of indebtedness to municipalities and street improvement districts, in an amount equal to the actual cost of improving streets which are now continuations of a State highway through cities and towns, irrespective of the validity or invalidity of any previous statutes upon the subject.

Section 12. Refunding certificates of indebtedness are hereby authorized to be issued in exchange for and in an amount not exceeding the aggregate of the outstanding valid certificates of indebtedness issued under act No. 8 of the General Assembly, approved October 3, 1928, and act No. 85 of the General Assembly, approved March 3, 1931, together with the accrued interest thereon to January 1, 1934, and the amount reported to the Refunding Board under Sec. 11 hereof. Said refunding certificates of indebtedness shall be negotiable, direct, general obligations of the State, for the payment of which, principal and interest, the full faith and credit of the State and all its resources are hereby pledged. They shall be dated January 1, 1934, and shall be payable ten (10) years from their date, and shall bear interest at the rate of 3 per cent. per annum. Interest upon said refunding certificates of indebtedness shall be evidenced by interest coupons payable semi-annually upon the interest paying dates of the bonds issued by said municipalities or districts. Said refunding certificates of indebtedness shall be delivered to the municipalities or districts entitled thereto, upon surrender of the original certificate to the Refunding Board for cancellation in instances where certificates have been issued, and to municipalities or districts entitled to aid to which no certificates have been issued. The trustee, paying agent or other person holding original certificates shall surrender the same for cancellation upon the issuance of certificates as herein provided. No refunding certificates shall be issued and delivered to any municipality or district until all original certificates issued to or in aid of said municipality or district are surrendered for cancellation.

It will be noted that the concluding paragraph of § 11 of said act (page 48) provides: "It is the purpose of this and the next sections of this act to authorize the issuance of refunding certificates of indebtedness to municipalities and street improvement districts, in an amount equal to the actual cost of improving streets which are now continuations of a State highway through cities and towns, irrespective of the validity or invalidity of any previous statutes upon the subject."

Under these statutes the chancery court sustained a demurrer to the complaint of appellant seeking to enjoin the refunding board from issuing refunding certificates of indebtedness to such districts. Appellant declined to plead further, and his complaint was dismissed for want of equity.

We think the chancery court correctly sustained the demurrer, and this irrespective of the validity or invalidity of said act No. 248 of 1931. Assuming it to be invalid, as contended by appellant, without so deciding, because the enrolled and printed act omitted the enacting clause which the original and amended bill as introduced in the Senate contained, it does not follow that subsequent acts upon the part of the State through its lawmaking power may not cure the infirmity and render valid that which prior to the curative act was invalid. We are of the opinion that § 11 of the said act No. 11 (page 48) of the Acts of 1934 (Ex. Sess.) cured any invalidity in act No. 248 of the Acts of 1931 (page 770) and that the unauthorized act of the State Highway Commission (assuming it to be so) in issuing certificates of indebtedness under the supposed authority of act No. 248 was ratified, confirmed and approved. That part of § 11 hereinbefore quoted specifically so states. We recently had occasion to construe this same section of said act No. 11 of Acts 1934 (Ex. Sess.) in the case of *Refunding Board* v. *Bailey*, 190 Ark. 558, 80 S. W. (2d) 61, 64. We there said: "We think that from § 11 it appears plain that the Legislature intended to issue refunding certificates in an amount equal to the actual cost of improving the streets, and this irrespective of the validity or invalidity of any previous statutes upon the

subject. That provision, by its very terms, not only applies to § 11, but to the subsequent sections. It is a plain declaration of the Legislature itself as to what it means.''

It was the manifest purpose of the Legislature to relieve the owners of real property from taxes on assessed benefits levied for the purpose of constructing streets in cities and towns which form continuations of State highways. It had already relieved rural property of such taxes, and its object was to assume the burden of outstanding obligations in such districts. The obligation assumed was limited to bonds that were outstanding at the date of the passage of said acts.

It is next contended that the refunding board is not authorized to issue refunding certificates of indebtedness to street improvement districts in excess of the certificates authorized to be issued under said act No. 8 (page 31) of the Acts of 1928 (Ex. Sess.) and said act No. 85 of the Acts of 1931 (page 247). In other words, this contention is based on the theory that since act No. 248, Acts 1931 (page 770), is void because it has no enacting clause, the refunding of certificates of indebtedness issued under act No. 248 would be void because not within the Governor's call. It is contended that the Legislature, having been called into special session for the purpose of refunding obligations of the State, could not authorize the refunding of obligations which did not exist; that, since act No. 248 is void, the obligations issued thereunder are likewise void, and that the Legislature had no power, acting within the Governor's call, to assume or agree to pay any obligations which the State did not owe for the reason that the Governor did not call the Legislature into session for the purpose of assuming new obligations. Section 1 of the call of the Governor convening the General Assembly in an extraordinary session in the latter part of 1934 (page iii) reads as follows: ''To consider and, if so advised, enact legislation providing for the refunding of the outstanding State highway bonds and notes, State toll bridge bonds, outstanding road district bonds, on which the State has been paying interest, for the refunding or payment of certificates of indebtedness issued

under act No. 8 of the General Assembly, approved October 3, 1928, act No. 85 of the General Assembly, approved March 3, 1931, and act No. 248 of the General Assembly, approved March 31, 1931, and to fund other lawful claims against the State for highway construction or maintenance, and the accrued and unpaid interest upon the aforesaid obligations."

We cannot agree with appellant in this contention. It is, of course, true that the General Assembly, when called into extraordinary session, cannot legislate outside the Governor's call. *Jones* v. *State*, 154 Ark. 288, 242 S. W. 377; *Sims* v. *Weldon*, 165 Ark. 13, 263 S. W. 42. But the same cases hold that the lawmakers, when convened in extraordinary session, "may act freely within the call and legislate upon all or any of the subjects specified, or upon any part of the subject; and every presumption will be made in favor of the regularity of its action." See also *State Note Board* v. *State ex rel. Attorney General*, 186 Ark. 605, 54 S. W. (2d) 696. It is perfectly manifest from the language above quoted in the Governor's call that he intended that the Legislature should do something with reference to certificates of indebtedness issued under the supposed authority of said act No. 248. He specifically mentioned said obligations. The Legislature was therefore, under the doctrine of the cases just cited, authorized to enact said §§ 11 and 12 of act No. 11 of the Acts of 1934 (Ex. Sess., p. 48). We sustained the act as a whole in *Sparling* v. *Refunding Board*, 189 Ark. 189, 71 S. W. (2d) 182, and sustained, construed and applied §§ 11 and 12 of said act, the very sections now under consideration, in *Refunding Board* v. *Bailey*, *supra*, and we now sustain them again as not being open to the attack made.

We find no error, and the decree is accordingly affirmed.