BOARD OF STREET IMPROVEMENT DIST. NO. 315 *v.*
ARKANSAS HIGHWAY COMMISSION.

4-3960

Opinion delivered May 27, 1935.

*S. L. White,* for appellant.

*Carl E. Bailey,* Attorney General, and *Walter L. Pope,* for appellee.

SMITH, J. The commissioners of Street Improvement District No. 315 of the city of Little Rock have appealed from a judgment of the Pulaski County Circuit Court refusing to award a writ of mandamus against the State Highway Commission, and the Refunding Board of the State of Arkansas, requiring those agencies to issue certificates of indebtedness to the district in an amount equal to the actual cost of improving so much of the streets within the district as became, and are now continuations of the State Highway System through that district.

It was alleged in the petition praying that relief, which was filed April 17, 1935, that the agencies of the State above named have only the ministerial duty to perform of ascertaining the actual cost of so much of the street improvement as became and is now a part of the State Highway System, that duty being defined by act No. 11 of the Special Session of the General Assembly

of 1934 (Acts of Arkansas, Special Sessions, 1933 and 1934, p. 28), and the previous acts which it amends. It is alleged that such is the effect of the recent decision of this court in the case of *Refunding Board of Arkansas* v. *Bailey, ante* p. 558.

An answer was filed denying there was any balance due the district, and alleging that the district had no certificates of indebtedness issued to it under the provisions of act No. 184 of the Acts of 1927 (Acts 1927, p. 645), and that said district had no outstanding obligations at the time of the passage of act No. 11 of the 1934 Special Session of the General Assembly, and that, under the law and a resolution adopted by the Refunding Board, the improvement district was not entitled to the relief sought. The answer sets out in full this resolution of the Refunding Board, which declares what the board conceived its powers and duties to be under the acts herein mentioned.

It was alleged in the answer that, pursuant to this resolution, the Refunding Board had issued and had authorized the issuance of approximately six million dollars in refunding obligations, it being the intention of the board to issue refunding obligations for the actual cost of construction of State highways through cities and towns to the extent of the outstanding obligations of such districts at the time of the passage of act No. 11 of the 1934 Special Session, and that the effect of the demands by appellant would be to require the State to issue obligations to districts like appellant district, which had no outstanding obligations, to the end that the moneys so paid by the State would belong to the property owners of such districts who had paid taxes therein, and that such was not the purpose or effect of the legislation upon that subject. Appellant district paid and retired the last of its indebtedness, all of which had been evidenced by a bond issue, on January 1, 1932. It first presented a claim to the State Highway Commission in 1931, at which time the Highway Commission issued to the district certificates in the amount of $4,312.98, representing fifty per cent. of the district's outstanding bonds at that time,

and it was answered that the district was entitled to no other or additional relief.

A demurrer was filed to this answer, upon the ground that the facts stated did not constitute a defense to the cause of action alleged in the complaint, and from the order and judgment of the court overruling the demurrer is this appeal.

It is the position of the Refunding Board that it cannot issue refunding certificates to districts having no outstanding obligations at the time of the passage of act No. 11 of the 1934 Special Session of the General Assembly. The correctness of this position is decisive of this appeal.

The legislation in regard to the State's participation in the refunding of the obligations of municipal improvement districts incurred in improving streets in cities and towns which have become continuations of the State Highway System is reviewed in the case of *Smith* v. *Refunding Board of Arkansas, post* p. 1147, and it would be a work of supererogation to again review the legislation here. It was there said: "It was the manifest purpose of the Legislature to relieve the owners of real property from taxes on assessed benefits, levied for the purpose of constructing streets in cities and towns which form continuations of State highways. It had already relieved rural property of such taxes, and its object was to assume the burden of outstanding obligations in such districts. The obligation assumed was limited to bonds that were outstanding at the date of the passage of said acts."

If we adhere to that construction of the legislation— and so we do—that opinion is decisive of this appeal. It may be added that this legislation is not contractual in its nature. It is a mere gratuity. The State had the right to pay so much of the indebtedness of municipal improvement districts as it pleased. It was under no obligation to pay any of it. Therefore any district asking this relief is entitled to receive only such aid as is provided by the law in force at the time the request is made.

Act No. 11 of the Special Session of 1934 is a refunding act. It deals with existing indebtedness. The word "refund" as a verb is defined in Webster's New International Dictionary as follows: "Refund: To fund again or anew; specif., Finance, to borrow, usually by the sale of bonds, in order to pay off an existing loan with the proceeds."

Paragraph 2 of § 11 of the act No. 11 of the 1934 Special Session states the purpose of the legislation as related to these municipal improvement districts. It reads as follows: "It is the purpose of this and the next sections of this act to authorize the issuance of refunding certificates of indebtedness to municipalities and street improvement districts, in an amount equal to the actual cost of improving streets which are now continuations of a State highway through cities and towns, irrespective of the validity or invalidity of any previous statutes upon the subject."

The legislative intent is made plainer and more certain by the provisions of § 12 immediately following the paragraph of § 11 above quoted. Section 12 states the uses to which the refunding certificates of indebtedness shall be applied. The first sentence of that section reads as follows: "Refunding certificates of indebtedness are hereby authorized to be issued in exchange for, and in an amount not exceeding the aggregate of the outstanding valid certificates of indebtedness issued under act No. 8 of the General Assembly, approved October 3, 1928, and act No. 85 of the General Assembly, approved March 3, 1931, together with the accrued interest thereon to January 1, 1934, and the amount reported to the Refunding Board under § 11 hereof."

If an apportionment were made to the appellant district, it could not be used for the purpose stated, for the reason that it has no indebtedness to be refunded. We find no authority for the Refunding Board to pay improvement districts moneys which have been expended in paying their indebtedness. When such indebtedness was paid, it ceased to exist, and did not require or permit the refunding operation. While the argument is not conclusive, it is not without some weight that, if the

State were charged with the obligation to repay construction costs, which have already been paid, of all streets which have become a part of the State Highway System, a burden would be imposed which would probably wreck the entire refunding program.

It is argued that the recent case of *Refunding Board of Arkansas* v. *Bailey, ante* p. 558, did not so construe § 11 of the Acts of the Special Session of 1934, and the following language in that opinion is referred to as sustaining that contention. It was there said: "It will be observed that the last paragraph of the above section authorizes the issuance of refunding certificates of indebtedness in an amount equal to the actual cost of improving the streets, and it states that it is the purpose of this section, and the following sections to authorize an amount equal to the actual cost of improving the streets. The first paragraph of § 11 also provides that the aid given shall be that which represents the actual cost of improving the streets."

This language must not however be read apart from its context. It must be read in connection with the facts to which it applied. In that case a street improvement district in the city of Booneville insisted that it was entitled to refunding certificates in the full amount of its indebtedness then outstanding and unpaid, issued to it by the State Highway Commission, regardless of the actual cost of improving streets which were a part of the State Highway System in that city, and the point there decided was that the State had undertaken to refund only "an amount equal to the actual cost of improving the streets," but had done this "irrespective of the validity or invalidity of any previous statutes upon the subject." In that case the district had an outstanding indebtedness largely in excess of the actual cost of improving the streets, which had become a part of the State Highway System, and the effect of that case is that the State had not assumed the obligation to refund this excess, but had undertaken to pay only the actual cost of improving such streets.

We conclude that the petition for mandamus was properly denied, and the judgment is therefore affirmed.