PAVING IMPROVEMENT DISTRICT No. 51 OF TEXARKANA *v.* REFUNDING BOARD OF ARKANSAS.

4-4157

Opinion delivered December 2, 1935.

*U. A. Gentry, amicus curiae.*

*B. E. Carter,* for appellant.

*Carl E. Bailey,* Attorney General, *Walter L. Pope* and *Leffel Gentry,* for appellee.

JOHNSON, C. J. By complaint in mandamus, this suit was instituted by appellant, Paving Improvement District No. 51 of Texarkana, Arkansas, against appellee, the Refunding Board of the State of Arkansas, in

the circuit court of Pulaski County, and, in effect, alleged: that prior to June 1, 1927, appellant had caused to be paved and actually paid the costs thereof for all that part of Seventh Street in the city of Texarkana located within the boundaries of appellant district; that said street was and is a continuation of State Highway No. 67; that on January 1, 1933, appellant had outstanding bonds representing the actual costs of improving said State highway continuation; that no application for State aid was made within 60 days from the effective date of act 11 of 1934; that appellant is entitled to State refunding obligations in the sum of $5,635.16; that appellee, State Refunding Board, has declined to issue State refunding obligations for the amount due or any part thereof. To this complaint a demurrer was interposed and sustained, and from a consequent judgment dismissing the complaint this appeal comes.

The question of law presented for determination is whether the State is liable under the facts pleaded.

Prior to the passage and approval of act 184 of 1927 municipal improvement districts made their local improvements and paid the costs thereof locally. This act, however, changed the long existing rule to the extent that where the State became the joint promoter with the municipal improvement district in effecting improvements upon streets which were continuations of State highways through the district and the city, the State offered to assume and become equally liable with the improvement district for the total costs thereof. Act 184 of 1927 was amended by act 8 of 1928. By this amendatory act it was provided that the State should assume one-half of all indebtedness incurred by municipal improvement districts where such improved streets were continuations of duly designated State highways, provided, however, such improvements were made subsequent to June 9, 1927. By act 85 of 1931 the State offered to assume the payment of one-half of the costs or improving continuations of State highways upon city streets made prior to June 9, 1927. In other words, by act 8 of 1928, when supplemented by act 85 of 1931, and upon the conditions therein stipulated, the State offered to assume

one-half the outstanding bonded indebtedness of municipal improvement districts to the extent of the actual costs of effecting such improvements upon continuations of State highways through cities and towns. By act 248 of 1931 the State highway commission was authorized to issue certificates of indebtedness to municipal improvement districts to cover the costs to such districts for constructing continuations of State highways through cities and towns, as provided in the acts *supra*.

Sections 11 and 12 of act 11 of 1934 provide: "Section 11. In instances where municipalities or street improvement districts have improved streets through cities and towns, which streets are continuations of State highways, and said municipalities or districts were given aid or are entitled to aid by the issuance of certificates of indebtedness under act No. 248 of 1931, it shall be the duty of the State Highway Commission to ascertain and report to the Refunding Board by municipalities or districts the amount of said certificates, together with the interest unpaid thereon to January 1, 1934, and the amount of aid to which any of said municipalities or districts may be entitled in instances where certificates have not been issued to them which represents the actual cost of improving streets which are now the actual continuation of a State highway. Any municipality or street improvement district entitled to aid under said act 248 for which no certificates have been issued shall apply to the State Highway Commission for aid within sixty days from the effective date of this act or thereafter be forever barred from the benefits hereof.

"It is the purpose of this and the next sections of this act to authorize the issuance of refunding certificates of indebtedness to municipalities and street improvement districts, in an amount equal to the actual cost of improving streets which are now continuations of a State highway through cities and towns, irrespective of the validity or invalidity of any previous statutes upon the subject.

"Section 12. Refunding certificates of indebtedness are hereby authorized to be issued in exchange for and in an amount not exceeding the aggregate of the out-

standing valid certificates of indebtedness issued under act No. 8 of the General Assembly, approved March 3, 1931, together with the accrued interest thereon to January 1, 1934, and the amount reported to the Refunding Board under § 11 hereof. Said refunding certificates of indebtedness shall be negotiable, direct, general obligations of the State, for the payment of which, principal and interest, the full faith and credit of the State and all its resources are hereby pledged. They shall be dated January 1, 1934, and shall be payable ten (10) years from their date, and shall bear interest at the rate of 3 per cent. per annum. Interest upon said refunding certificates of indebtedness as shall be evidenced by the interest coupons payable semi-annually upon the interest-paying dates of the bonds issued by said municipalities or districts. Said refunding certificates of indebtedness shall be delivered to the municipalities or districts entitled thereto, upon the surrender of the original certificate to the Refunding Board for cancellation in instances where certificates have been issued, and to municipalities or districts entitled to aid to which no certificates have been issued. The trustee, paying agent or other person holding original certificates shall surrender the same for cancellation upon the issuance of certificates as herein provided. No refunding certificates shall be issued and delivered to any municipality or district until all original certificates issued to or in aid of said municipality or district are surrendered for cancellation." It is certain that §§ 11 and 12 of act 11 of 1934 at least amend all prior acts in reference to the grant of aid by the State to municipal improvement districts and express the terms and conditions upon which the State is willing to grant such aid. *Refunding Board* v. *Bailey*, 190 Ark. 558, 80 S. W. (2d) 61.

It is also manifest by §§ 11 and 12 of act 11 of 1934, act 184 of 1927, act 8 of 1928, act 85 of 1931 and act 248 of 1931, that the State intended and had the purpose of making gratuities to all municipal improvement districts which conformed to the conditions prescribed in said acts; but such aid cannot be demanded as a legal right save in such cases where the applicant has com-

plied with all conditions of the grant. See *Street Improvement District* v. *Arkansas Highway Commission*, 190 Ark. 1045, 83 S. W. (2d) 81. Primarily, the State of Arkansas had no legal obligation to pay for improvements effected by municipal improvement districts. The acts heretofore discussed provide an exclusive remedy to municipal improvement districts for payment or refunding of their obligations incurred in effecting improvements of continuations of State highways. Since the State had no legal obligation to fulfill in reference to municipal districts, it could attach such conditions to its grant or gratuities as it saw fit. A part of § 11 of act 11 provides: "Any municipality or street improvement district entitled to aid under said act 248 for which no certificates have been issued shall apply to the State Highway Commission for aid within sixty days from the effective date of the act or thereafter be forever barred from the benefits hereof." This provision amends all prior acts on this subject and is a condition precedent to the legal right of any municipal improvement district to assert a legal claim against the State. These observations seem axiomatic.

Appellant's primary contention seems to be that act 11 of 1934 does not expressly provide that municipal improvement districts' indebtedness incurred in improving continuations of State highways as provided in act 85 of 1931 shall be barred at the expiration of sixty days, and that such construction should not be implied. When act 11 of 1934 is considered and construed as a whole, it is manifest that the Legislature had the intention and purpose to deal with all State obligations for expenditures made by municipal improvement districts upon continuations of State highways through cities and towns, and, when the act is so considered, it is apparent that the Legislature intended to require all municipal improvement districts to file claims for State obligations within sixty days after the effective date of act 11 of 1934. The mere fact that moral obligations created by act 85 of 1928 were omitted from express designation is not important when it is considered that the subject-matter was being dealt with as a whole. Upon no other theory could

the State ascertain its final and ultimate obligations. Undoubtedly, had appellant filed its claim under the authority of act 85 of 1931 or as supplemented by act 248 of 1931 or as amended by act 11 of 1934, it would have been favorably considered and decided by the State agencies, but such is not its status. We conclude therefore that when appellant failed to file its claim with the State Highway Commission within 60 days after the effective date of act 11 of 1934, it lost any right it previously had to such State aid.

Appellant's next contention is, conceding the point just decided, that by act 76 of 1935 its claim was revived and extended, and that it may now file its claim for State aid, regardless of the limitation contained in act 11 of 1934. Act 76 of 1935 was passed and approved subsequent to the adoption by the people of Amendment No. 20 to the Constitution of 1874, which provides:

"Except for the purpose of refunding the outstanding indebtedness of the State and for assuming and refunding valid outstanding road improvement district bonds, the State of Arkansas shall issue no bonds or other evidences of indebtedness pledging the faith and credit of the State or any of its revenues for any purpose whatsoever, except by and with the consent of the majority of the qualified electors of the State voting on the question at a general election or at a special election called for that purpose."

Granting appellant's contentions that the State has a moral obligation to pay appellant district the actual cost of making the improvements upon Seventh Street in Texarkana which was an extension of State Highway No. 67, it does not follow that this moral obligation may be converted into a legal one without running counter to Amendment No. 20. This amendment provides in express terms that the State shall not issue bonds or other evidence of indebtedness except by and with the consent of a majority of the qualified electors except for the purpose of refunding existing indebtedness of the State. Appellant's claim is not an existing indebtedness of the State, but is only a moral obligation to be discharged upon such terms and conditions as may be prescribed

by the donor. It follows from this that any allowance to appellant district by the State Refunding Board would be an increase of the State's obligations or the pledging of the faith and credit of the State without a previous vote of the people authorizing it. We conclude therefore that act 76 of 1935 is violative of Amendment No. 20 and is unconstitutional and void.

We take notice of the argument made that practically all other municipal improvement districts in the State similarly situated to appellant have received State aid as provided by the Legislature in the various acts, heretofore discussed, and that appellant district should not be denied the privilege except upon the clearest grounds. We subscribe to this doctrine, but for the reasons heretofore stated we are of the opinion that appellant has lost its right to State aid by its own negligence and delay in filing claim therefor.

The circuit court's views, conforming to these expressed herein, are in all things affirmed.