HAYS CONSTRUCTION COMPANY *v.* PAGE.

4-4304

Opinion delivered March 9, 1936.

*R. E. Wiley,* for appellant.

*Carl E. Bailey,* Attorney General, and *Walter L. Pope* and *Leffel Gentry,* for appellee.

SMITH, J. The Hays Construction Company, hereinafter referred to as petitioner, alleged in the suit which it filed in the Pulaski County Circuit Court that it entered into a valid contract with the State Highway Commission for the construction of certain concrete paving, designated as Job No. 6123, a portion of which was to be paid for by the Federal Government; the remainder by the State. Due to lack of funds, the Highway Commission was unable to pay for that portion of the job originally intended to be paid for with State funds, and petitioner was not permitted to complete that part of the contract. However, petitioner did construct and was paid for about 45 per cent. of the total work called for in the original contract, this being the portion to be paid for with Federal funds.

Thereafter, petitioner filed a claim growing out of this breach of the contract with the State Highway Audit Commission, which after investigation recommended to the State Refunding Board that it should be compromised and settled for the sum of $6,900. This recommendation was approved by the Refunding Board at a regular meeting, and this suit was brought to compel the disbursing agent of the Refunding Board to issue a voucher and the exchange thereof for a warrant issued by the State Auditor and its payment by the Treasurer of State. From the judgment of the Pulaski Circuit Court denying this relief is this appeal.

For the affirmance of this judgment it is insisted that the instant case is similar to and is controlled by the opinion in the recent case of *Smith* v. *Refunding Board of Arkansas,* 191 Ark. 1, 90 S. W. (2d) 494, and, as we concur in that view, the judgment must be affirmed.

Appellant here, petitioner below, concedes this is true if the instant case be construed to be a suit for the loss of anticipated profits. Petitioner denies that it is a suit of that character. It is also insisted that it is not a suit for damages for breach of contract. The argument is that petitioner spent $14,093.55 preparing to perform the contract to construct 53,188 square yards of concrete of which it was only allowed to construct 21,796 yards, and it is argued that this cost, or the proper proportion thereof, should be allowed and paid as a part of the contract actually performed.

We cannot agree with this conclusion. It is an undisputed fact that petitioner has been paid the full contract price for all concrete which was put down. Petitioner's cause of action must necessarily be and is to recover damages resulting from the State Highway Commission's breach of the contract in refusing to allow petitioner to lay the remainder of the concrete called for by the contract. It is not contended, and cannot be successfully asserted, that petitioner is entitled to recover the balance which would have been due had the contract been completed. The well-settled rules for measuring damages in such cases forbid. Petitioner could, in that case, have recovered only that amount, less the

cost of completion, which in the last analysis is the anticipated profits.

It was held in the case of *Smith* v. *Refunding Board, supra,* that the board was without authority to authorize the payment of claims of that character. The opinion in that case reviewed the legislation under which the Refunding Board had acted, and defined its authority. It would be a work of supererogation to again review the law of the subject. As that case controls here, it must be followed, and upon its authority the judgment here appealed from. must be affirmed, and it is so ordered.