The Honorable Jimmie Lou Fisher State Treasurer 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Fisher:
This is in response to an opinion request directed to us by Mr. Robert C. Brown, Director of Accounting, Audit and Legal, Office of Treasurer of State, involving the distribution of proceeds derived from the one percent countywide sales tax. He has asked, specifically, whether the special census information attached to the request meets the requirements set forth in Act 2 of the First Extraordinary Session of 1987.
It is my opinion that these two censuses in conjunction satisfy Act 2. It should be noted initially that Act 2 amends subsection (d) of Section 1 of Act 991 of 1981, as amended by Act 688 of 1987, to provide for the use of a special census conducted by a municipality before April 7, 1987. The emergency clause contained in Section 2 of Act 2 notes that "the provisions of Act 688 of 1987 have resulted in financial hardship to a number of municipalities in this State, and that immediate clarification thereof is necessary to prevent a drastic reduction in essential services in such municipalities." Act 688 of 1987 provided for a countywide special census upon petition by a city or town, but did not include allowance for a special census conducted in a municipality. Act 688 of 1987 also contains reference, in Section 3, to the "unnecessary burden and expense on counties and other municipalities as they are being required to have new censuses conducted . . ."
The Fayetteville Special Census dated October 9, 1985 and the Washington County (part) Special Census dated November 5, 1986 meet the spirit and intent of Act 2 of the First Extraordinary Session of 1987. Ark. Stat. Ann. 1-203 (Repl. 1976) provides that "all general provisions, terms, phrases and expressions used in any statute shall be liberally construed, in order that the true intent and meaning of the General Assembly may be fully carried out." Hence, the threshold consideration in construing the purpose and meaning of a statute is to ascertain and give effect to the intent of the legislature. Refunding Board of Arkansas v. Bailey, 190 Ark. 558, 80 S.W.2d 61 (1935); Shinn v. Heath,259 Ark. 577, 535 S.W.2d 57 (1976).
It is logical and reasonable to conclude, based upon these precepts, that these two censuses may jointly be relied upon as offering countywide census information. The continued amendment of Act 991 of 1981 reflects the legislature's intent to reduce the burden and expense associated with conducting new censuses. Use of the Fayetteville Special Census is clearly provided for under Act 2. Inclusion of Fayetteville in the November 5, 1986 Washington County census would create undue financial hardship, contrary to the spirit and intent of the Act. Therefore, it is my opinion that these special censuses do meet the requirements of Act 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elizabeth A. Walker.