Mr. Tommy L. Sproles Director Arkansas Minority Health Commission 1123 South University, Suite 910 Little Rock, Arkansas 72204
Dear Mr. Sproles:
This is in response to your request for an opinion on "the legality of a minority health foundation," which "would be formed to solicit and receive funds to target specified medical conditions affecting minority populations, such as sickle cell anemia." Your request states that "[n]o state funds would be used by the foundation."
I assume that your question is primarily whether the Arkansas Minority Health Commission (the "Commission") may itself organize or cause the organization of such a foundation.[1] In my opinion, the Commission may not do so under current law.
The powers and duties of the Commission are set forth by statute as follows:
The commission shall:
 (1) Study issues relating to the delivery of and access to health services for minorities in this state;
 (2) Identify any gaps in the health service delivery system that particularly affect minorities;
 (3) Make recommendations to the relevant agencies and to the legislature for improving the delivery of and access to health services for minorities; and
 (4) Study and make recommendations as to whether adequate services are available to insure future minority health needs will be met.
A.C.A. § 20-2-103 (Repl. 1991).
Clearly, the Commission is a governmental body of specified and limited authority. Such a body has no powers other than those expressed, and those necessarily implied, by the statutes creating it. Smith v.Refunding Board of Arkansas, 192 Ark. 145, 90 S.W.2d 494 (1936).
The statute quoted above indicates that the Commission was intended by the General Assembly to be a study and advisory body, not one empowered to make policy decisions and take substantive action. The statute contemplates that any substantive actions deemed necessary by the Commission will be taken, following the Commission's recommendation, by "the relevant agencies [or] . . . the legislature. . . ." To the extent the Commission believes the formation of a minority health foundation is necessary and appropriate, it may, of course, recommend that one be formed by the General Assembly or an agency empowered to do so, or that the General Assembly enact legislation empowering the Commission to form a foundation.
In view of the foregoing, an answer to your second question, concerning the organizational structure of a minority health foundation, is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Clearly, members of the Commission, like other individuals, generally may engage in any activity authorized or not prohibited by law, including the formation of corporations (whether or not for profit) and other sorts of associations.