The Honorable Peggy Jeffries State Senator 1122 South Waldron Road Fort Smith, Arkansas 72903
Dear Senator Jeffries:
This is in response to your request for an opinion the following question:
 Is it legal for the Arkansas Department of Education to send money to or fund a nonprofit organization?
It is my opinion that the answer to this question will depend upon all of the facts surrounding a particular transaction. You have posed a very general question, without reference to any particular organization or funding scenario. You have not indicated whether the "fund[ing]" or send[ing] [of] money to" the nonprofit organization is an outright grant of funds, or whether the Department of Education has entered into a contractual arrangement with a particular nonprofit organization. I will thus answer your question generally, setting out the relevant law, but will note that the legality of any particular transaction must be reviewed in light of all the relevant facts.
In my opinion there is no flat prohibition against the Department of Education "fund[ing] or "send[ing] money to" a nonprofit organization, whether by contract or grant. There must, of course, be an appropriation which will support the transfer of funds to the nonprofit organization and compliance must be had with all other relevant statutes. Article 5, § 29 of the Arkansas Constitution states that:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
Assuming there is a proper appropriation, the only other general requirement is that the transfer of funds serve a "public purpose."
There is no general prohibition in the Arkansas Constitution against the state "funding" a nonprofit organization or corporation. There is prohibition against counties and cities doing so. See Arkansas Constitution, art. 12, § 5. The fiscally restrictive provisions relevant to the State of Arkansas, however, do not expressly prohibit such funding, assuming none of the specific provisions are violated. See
Arkansas Constitution, art. 5, § 31 (no appropriation may be made except to defray the "necessary expenses of government, to sustain common schools . . ." etc., except by a majority of two-thirds of both houses of the General Assembly); art 12, § 7 (State not to become a stockholder in any corporation or association); art. 12, § 12 (State not to assume or pay the debt of any county, city, town or corporation except as provided therein); art. 16, § 1 (State not to lend its credit or issue any interest bearing treasury warrants or scrip); and Amendment 20 (State not to issue evidence of indebtedness pledging the faith and credit of the State or any of its revenues for any purpose without the consent of the electors).
It appears, however, in order to prevent the funding of a nonprofit organization or corporation from being an "illegal exaction" for purposes of Arkansas Constitution, art. 16, § 13, that the appropriation of funds must serve a "public purpose." See generally, Humphrey, State Auditor v.Garrett, 218 Ark. 418, 236 S.W.2d 569 (1951), citing State v. Moore,76 Ark. 197, 88 S.W. 881 (1905), and State v. Sloan, 66 Ark. 575, 53 S.W. 47
(1899); Paving Improvement District No. 51 of Texarkana v. RefundingBoard of Arkansas, 191 Ark. 838, 88 S.W.2d 50 (1935); andTexarkana-Forest Park District No. 1 v. State, 189 Ark. 617,74 S.W.2d 784 (1934), overruled on other grounds, Hall v. Ragland,Commissioner of Revenues, 276 Ark. 350, 635 S.W.2d 228
(1982). The question of whether a particular expenditure serves a public purpose is generally for the legislature to determine. See, id.;Humphrey, supra; and Turner v. Woodruff, 286 Ark. 66,698 S.W.2d 507 (1985). See also 81A C.J.S. States § 205(c).
The answer to your question will, as stated above, depend upon all the facts. If the funding is supported by a proper appropriation, all other relevant statutes are complied with, and the appropriation serves a "public purpose," it is "legal" for the Department of Education to "send money to" or "fund" a nonprofit organization. Of course, in order to determine the legality of any particular expenditure, reference to all the pertinent facts would be necessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh