HODGES *v*. LAWYERS CO-OPERATIVE PUBLISHING COMPANY.

Opinion delivered February 23, 1914.

STATE CONTRACTS—COMPETATIVE BIDS—CONSTITUTIONAL LIMITATION.—Act 321, page 1463, Acts 1913, providing for the lending of the plates of the Supreme Court Law Reports, and providing for the sale of the printed volumes, *held*, to be in violation of art. 19, section 15 of the Constitution, which provides that all the State printing, binding, etc., shall be performed under contract, to be given to the lowest responsible bidder therefor.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*Robert Martin*, for appellant.

The act is violative of section 15, of article 19, of the Constitution, and is void. 40 Ark. 255; 54 Ark. 645-650.

*Coleman & Lewis*, for appellee.

HART, J. The General Assembly of 1913 passed the following act:

"Section 1. That the Secretary of State is hereby authorized and directed to lend to the Lawyers' Co-operative Publishing Company, of Rochester (N. Y.), the plates of volumes 1 to 90, inclusive, of the Arkansas Supreme Court Reports. Be it further provided, that before the Lawyers' Co-operative Publishing Company is given possession of said plates, it will give a bond to be approved by the Attorney General of the State of Arkansas and the Secretary of State in the sum of five thousand dollars, conditioned to the effect that the said Lawyers' Co-operative Publishing Company will publish said Arkansas Supreme Court Reports, volumes 1 to 101, inclusive, and volumes 102 to 112, when they have been published, and exhaustively annotate the same, and, when so published, annotated and completed, will sell to the residents of the State of Arkansas said annotated reports at a sum not greater than two dollars and fifty cents per volume. Conditioned, further, that said publishing company will publish as soon as practicable all volumes of the Arkansas Supreme Court Reports now out of print, not to be annotated, and will sell same to residents of the State of Arkansas at a sum not greater than two dollars per volume, and to the State of Arkansas, for State purposes, at a sum not greater than one dollar and fifty cents per volume. All said books herein referred to, to be bound in sheep or buckram. Provided, further, that in case the said Lawyers' Co-operative Publishing Company does not fulfill the conditions of its bond, it is, upon demand of the Secretary of the State of Arkansas, to return all the said plates to the State; provided, further, the bondsmen will indemnify the State of Arkansas for the loss or destruction or any damage said plates may sustain while in the possession of the Lawyers' Co-operative Publishing Company. Provided, further, that so long as the conditions of said bond are fulfilled, the said Lawyers' Co-operative Publishing Company will have the right to sell said reports."

The Lawyers' Co-operative Publishing Company instituted mandamus proceedings in the Pulaski Circuit

Court to compel the Secretary of State to deliver the plates to it, and stated in its complaint that it had complied with the provisions of the act by giving the bond required of it, and that it was ready and able, in all respects, to perform the other conditions prescribed by the terms of the act. The Secretary of State filed answer to the petition, in which he alleged that the act was in conflict with section 15, article 19, of the Constitution. The plaintiff interposed a demurrer to the answer filed by the Secretary of State, which was by the circuit court sustained, and the petition of plaintiff for a mandamus against the Secretary of State was granted. From the judgment rendered, the Secretary of State has duly prosecuted an appeal to this court.

The only issue raised by the appeal is whether or not the act of the General Assembly, approved April 18, 1913, and above set forth, violates section 15, article 19, of the Constitution of this State. The section of the Constitution is as follows:

"All stationery, paper fuel, for the use of the General Assembly and other departments of government, shall be furnished, and the printing, binding and distributing of the laws, journals, department reports and all other printing and binding, and the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees, shall be performed under contract to be given to the lowest responsible bidder, below such maximum price and under such regulations as shall be prescribed by law. No member or officer of any department of the Government shall in any way be interested in such contracts, and all such contracts shall be subject to the approval of the Governor, Auditor and Treasurer."

In construing section 15, article 19, of the Constitution in the case of *Woodruff, Admr.,* v. *Berry et al.,* 40 Ark. 251, the court said:

"The end proposed in the constitutional provision requiring public contracts to be let to the lowest bidder is public economy. And the means provided by the Leg-

islature is an extended notice in the public journals so
as to insure publicity and secure competition. The estab-
lished policy of the State upon this subject is, that pub-
lic contracts are to be let upon public notice, and to be
open to competition upon proposals, and are to be made
with the lowest bidder who can give due security. The
entire authority of the board to let such contracts is con-
ferred by statute, and the statute prescribes how only
they can contract. Any other contract is unauthorized,
in excess of the powers vested in the board and voidable
at the election of the State.''

Our Constitution expressly states that the power of
the Government of the State of Arkansas shall be divided
into three distinct departments, to wit: Executive, legis-
lative, and judicial. The language of section 15, article
19, is, in substance, that all printing for the use of the
General Assembly and other departments of Govern-
ment, and all other printing, shall be performed under
contract to be given to the lowest responsible bidder. The
language of the Constitution is plain, and requires all
contracts for printing for any of the departments of the
State Government to be let to the lowest bidder. The
publication of the volumes of the Arkansas reports is a
publication of the opinions of the Supreme Court, and
falls within the provisions of the section of the Consti-
tution under consideration. It is urged by counsel for
plaintiff that the State is not bound to purchase any of
the volumes published, and in this respect the act is dis-
tinguished from an ordinary contract for printing for
the departments of Government. It is necessary that
the other departments of the Government have the Su-
preme Court Reports, and our statutes provide for their
distribution. Sections 3358 to 3368, Kirby's Digest. The
latter section provides that whenever any that have been
distributed become lost, duplicate reports shall be fur-
nished. The act in question provides that the State shall
pay a certain stipulated price for the reports published
by it. We are of the opinion that the act is an attempt
to evade the section of the Constitution above quoted, and

that it has no binding force and effect. It follows that the judgment of the circuit court will be reversed and the plaintiff's complaint will be dismissed here.