REFUNDING BOARD OF ARKANSAS *v.* NATIONAL REFINING COMPANY.

4-4196

Opinion delivered December 23, 1935.

*Carl E. Bailey,* Attorney General, *Walter L. Pope* and *Leffel Gentry,* for appellants.

*Isgrig & Robinson,* for appellee.

SMITH, J. Appellee filed a petition in the Pulaski Circuit Court praying that a writ of mandamus be issued requiring the State Refunding Board to refund its claim against the State Highway Commission. Attached to the complaint were exhibits showing that, pursuant to act No. 11 of the Extraordinary Session of the 1934 General Assembly (Special Acts of 1934, page 28), the claim had been referred to the Highway Audit Commission which on October 6, 1934, had reported to the Refunding Board that "the same is hereby approved and the State Refunding Board is hereby requested to refund the same according to law." It was alleged that the claim having been approved by the Audit Commission, the Refunding Board had only the ministerial duty to perform of ordering it refunded as required by act No. 11, above referred to.

A response was filed by the Refunding Board which admitted all of the allegations of fact but alleged that "the petitioner's claim has not been refunded for the reason that the petitioner has refused and does now refuse to permit its books and records regarding said claim to be investigated and audited as provided by the statutes of this State in order that the validity of such claim might be determined."

A demurrer to this response was sustained, and, the Refunding Board declining to plead further, it was ordered that the claim be refunded as provided by law.

The controlling question in this case is whether the duty of the Refunding Board is merely ministerial. The petitioner admits that, unless the board's duties are ministerial, the writ will not be awarded. The concession is well made. The law of the subject is well defined and has often been stated. The leading case on the subject appears to be that of *Kendall* v. *United States,* 12 Pet. 524, which differentiates ministerial from executive duties. The leading case on the subject in this State is that of *Jobe* v. *Urquhart,* 102 Ark. 470, 143 S. W. 121, and both are to the effect that when an executive officer

in the discharge of his official duty has a discretion as to the action he should take, this discretion cannot be controlled by mandamus. "But there is a marked distinction everywhere recognized between the exercise of discretion and a ministerial act the performance of which is a plain and positive duty enjoined by law; and, when essential to the enjoyment or completion of some public or private right, and no other adequate specific remedy is provided, the authorities concur in holding that a mandamus will lie, affording a prompt and efficient remedy, at the instance of any person interested to compel its performance." *Danley* v. *Whiteley,* 14 Ark. 687; *Jobe* v. *Caldwell,* 93 Ark. 503, 125 S. W. 423.

The question presented must be decided by a consideration of the act, *supra,* pursuant to the provisions of which the Board is functioning, and it must be remembered that the Board whose action this proceeding seeks to control by mandamus, is composed of the Governor, the Lieutenant Governor, the Attorney General, the Auditor of State, the Treasurer of State and the Secretary of State, these being the constitutional executive officers of the State, together with the State Bank Commissioner. It would be an anomalous situation if the General Assembly, in constituting this board, intended that these executive officers should be called from the discharge of their important and essential duties to assemble as a board to perform mere ministerial acts. We would be reluctant to announce that conclusion, unless it was clearly indicated and required by the statute. For what purposes was this board constituted and what duties are they required to perform? As an executive board it is invested with the power, and charged with the responsibility, of refunding the various classes of outstanding obligations of the State, and the obligations of road districts, which the State offered to assume, aggregating many millions of dollars.

The act provides for the issuance of State highway refunding bonds to be exchanged for State highway bonds, toll bridge bonds, short term notes issued under act No. 15, approved April 14, 1932, State bonds issued under act No. 167, approved March 28, 1933, short term

notes issued under act No. 18, approved September 2, 1933, claims against the Highway Commission, under contracts for construction or maintenance, certificates of indebtedness issued under act No. 248 of 1931, certificates of indebtedness issued under act No. 8, approved October 3, 1928, and act No. 85, approved March 3, 1931, and road district bonds on which the State had been paying interest under § 3 of act No. 11, approved February 4, 1927, and § 19 of act No. 65, approved February 28, 1929. The board is given the power to prepare the form and determine the denominations of the refunding obligations; to fix the maturity dates of certain classes of them; to designate the banks or trust companies, at which they are to be payable; to pass on claims against the Highway Commission and to refund those found to be valid; to make the actual exchange of refunding bonds for the obligations subject to be refunded; and to use the funds in the State Treasury to the credit of the various "Refunding Bond Redemption" accounts in the purchase of State refunding bonds at the best bid tendered, the board to consider, in determining what is the best bid, "the interest rate, maturity, and all other proper elements, which have a bearing upon fixing the value of the respective bonds offered for sale, the purpose of the Board being to act for the best interest of the State of Arkansas and its citizens."

In the administration of the refunding program, the Board represents the sovereign power of the State, and in allowing and refunding claims it executes the sovereign will of the State. The refunding process changes the character and the terms of such obligations. The action of the Board within its statutory powers is binding on the State and subjects it to new and different obligations to its creditors. The power to assume new obligations, and the responsibility for their assumption, is vested in and imposed upon the Refunding Board.

These functions are essentially executive in character and call for the exercise of sound judgment and wise discretion, as the Legislature appears to have been fully aware, for the phrases "the judgment of the board"

and "for the best interests of the State" are recurrent throughout the act.

The Board is required in the discharge of its duties, not only to weigh and determine facts, but to expound the various provisions of the law under which it operates, and the Board's judgment in these respects is not subject to control by mandamus or injunction. *Riverside Oil Company* v. *Hitchcock,* 190 U. S. 316; *Ness* v. *Fisher,* 223 U. S. 683; *Bates & Guild* v. *Payne,* 194 U. S. 106.

Section 15 of the act No. 11, *supra,* reads as follows:

"The Refunding Board is hereby authorized, in cases in which in the judgment of the board the best interest of the State will be served thereby, to refer to the Highway Audit Commission any note, bond or obligation presented to it for refunding hereunder, or any account or claim against the Highway Commission growing out of any contract between said commission and any person, firm or corporation, for work, labor, material, supplies or services, or arising out of any transaction between the Highway Commission, or any member or employee thereof, presented to the Refunding Board for payment or refunding under the provisions of this act, and it shall be the duty of the Highway Audit Commission to investigate and make a full and complete report as to the validity of any such item referred to it by said Refunding Board; provided, however, that when a court shall determine the validity or invalidity of any such note, bond, obligation, account or claim, or whether or not it comes within the provisions of § 2 of act No. 11 of 1927, or of § 19 of act No. 65 of 1929, such adjudication shall be final and conclusive. When such matters are referred to the Highway Audit Commission, it shall be the duty of the chairman thereof to make a preliminary examination of all records incidental thereto, and to facilitate this work said chairman shall remain on duty at all times, for which services he shall be entitled to compensation in the sum of $5 per day, which shall be in addition and supplemental to any salary heretofore authorized in his behalf."

Petitioners proceed upon the assumption that, the claim having been approved and audited by the Audit

Commission, the Refunding Board has only the ministerial duty to perform of refunding it. But we think the act is not susceptible to that construction. The section of the act quoted does make it the duty of the Highway Audit Commission to investigate and make a full and complete report upon the validity of such claims as may be referred to it, with the proviso that the adjudication of a competent court shall be final and conclusive. The duties of the Audit Commission appear to have been analogous to those of a master in chancery. It is the familiar practice in such courts to refer complicated questions of fact and especially those involving matters of accounting to masters to hear testimony and to make reports. In other words, the purpose of the Audit Commission was to conserve the time of the members of the Refunding Board, by passing upon such claims as the Board referred to it, for investigation and report, except those claims which had been determined to be valid or invalid by a court of competent jurisdiction.

We conclude, therefore, that the duties of the Refunding Board are not merely ministerial and, therefore, that the writ of mandamus was improperly awarded. It is suggested that the case is in effect a suit against the State; but the conclusion we have reached makes it unnecessary to pass on that question, which is reserved for consideration until a case is presented which requires its decision.