STREET IMPROVEMENT DISTRICT No. 74, BROWNING ET AL., COMMRS. *v.* REFUNDING BOARD OF ARKANSAS.

4-4404

Opinion delivered June 22, 1936.

*Murphy & Wood* and *Robert L. Rogers, II,* for appellant.

*Carl E. Bailey,* Attorney General, and *Walter L. Pope,* for appellee.

McHANEY, J. Appellant, Street Improvement District No. 74, of the city of Hot Springs is a municipal improvement district created by ordinance of said city, and the individual appellants are its board of improve-

ment. Said district was created for the purpose of grading, draining, curbing, guttering and paving Hobson Avenue in said city from Central Avenue to Summer Street, Summer Street from Hobson to Albert Pike Road, and the latter from Summer to the west boundary line of the city. It constructed said improvements in 1925. In 1927 the State Highway Commission designated the following portions of streets improved by said district as a part of State highways: Hobson Avenue and Third Street to Summer Street, the latter from Hobson to Albert Pike Road, and the last from Summer Street to the west city limits, as a part or continuation of State highway No. 70, and also as a part or continuation of State highway No. 6 (now No. 270).

Acting pursuant to the provisions of act 85 of the Acts of 1931, the Highway Commission issued and delivered to said district certificates of indebtedness as follows: No. .............. for $2,177.62 due October 15, 1931, which was paid; No. 2 for $2,073.08 due October 15, 1932; and No. 3 for $1,335 due October 15, 1933. Nos. 2 and 3 have not been paid. Appellants presented said unpaid certificates of indebtedness to appellee for refunding under the provisions of act No. 11 of 1934, and a resolution was adopted to refund them. Later, however, appellee rescinded its order to refund same, and now refuses to do so.

This action was instituted to compel by mandamus the issuance of refunding certificates of indebtedness to take up said two certificates of indebtedness outstanding. To a complaint alleging the above facts, and an amendment thereto alleging that the board had refunded other certificates of indebtedness, and, although it is the express duty of the board so to do, it has arbitrarily refused to refund same, a demurrer was interposed and sustained. Upon appellants' declining to plead further, their complaint was dismissed, and this appeal followed.

It is conceded that appellee has the power and authority to refund these obligations. Sub-section (d) of § 2, §§ 11 and 12 of said act No. 11 of the Acts of 1934 so provide. The question is: Has the board any discretion in the premises, or is it a mere ministerial duty

which may be controlled by mandamus? Section 12 of said act 11 reads in part as follows: "Refunding certificates of indebtedness are hereby authorized to be issued in exchange for, and in an amount not exceeding the aggregate of the outstanding valid certificates of indebtedness issued under act No. 8 of the General Assembly, approved October 3, 1928, and act No. 85 of the General Assembly, approved March 3, 1931, together with the accrued interest thereon to January 1, 1934, and the amount reported to the refunding board under § 11 hereof. Said refunding certificates of indebtedness shall be negotiable, direct, general obligations of the State, for the payment of which, principal and interest, the full faith and credit of the State and all its resources are hereby pledged."

It will be noticed that the language is: "Refunding certificates of indebtedness are hereby authorized to be issued," etc. This is language conferring power, but not imposing an absolute duty. Discretion is involved in determining its duty, and mandamus will not lie to compel the performance of a discretionary duty. We so held in the recent case of *Refunding Board of Arkansas* v. *National Refining Co.*, 191 Ark. 1080, 89 S. W. (2d) 917. We there said: "The board is required in the discharge of its duties, not only to weigh and determine facts, but to expound the various provisions of the law under which it operates, and the board's judgment in these respects is not subject to control by mandamus or injunction." Citing cases. In that case, § 15 of act 11 was involved, and, for this reason, appellants attempt to distinguish it from this, since their reliance is based on § 12. While § 15 refers to a different subject-matter, it confers authority to refund in substantially the same language: "The refunding board is hereby authorized," etc. So it appears to us that the attempted distinction is without merit, and that said case is conclusive of this. Some argument is made that the board acted arbitrarily in the matter, and that, even though it is vested with discretion, its action in refusing to refund these certificates is an arbitrary abuse of discretion. The amendment to the complaint alleging arbitrary ac-

tion is a mere conclusion of the pleader, and no facts are alleged to show arbitrary action. It is alleged that the board has refunded other certificates. Even so, it may have refused to refund others.

The trial court correctly sustained the demurrer, and its judgment is affirmed.