DEMOCRAT PRINTING & LITHOGRAPHING COMPANY *v.* PARKER, AUDITOR.

4-4383

Opinion delivered July 13, 1936.

*Cockrill, Armistead & Rector*, for appellant.

*Carl E. Bailey*, Attorney General, *J. Hugh Wharton*, Assistant, and *Pat Mehaffy*, for appellee.

JOHNSON, C. J. This mandamus action was instituted by appellant, Democrat Printing & Lithographing Company against Charley Parker, State Auditor, in the

Pulaski Circuit Court to compel the delivery of a certain warrant or voucher to it. The complaint in effect alleged that on December 31, 1935, the duly constituted State agency accepted the proposal and offer of the Parkin Printing & Stationery Company to furnish the various departments of the State necessary articles of stationery and office supplies as listed in the "St. Louis Price List," a trade publication of general circulation, and at prices therein designated less a discount of 27 per cent; that said proposal was to cover the biennium beginning January 1, 1936; that on the same date said State agency accepted the proposal and offer of appellant to furnish the several State departments during said biennium all necessary stationery and office supplies not covered by other contracts, at a price of 3 per cent. discount from its current wholesale price list; that in performance of and in conformity to the last mentioned contract, on February 25, 1935, the Governor's office made proper requisition upon the State printing clerk for certain stationery not covered by other contracts, and that subsequently said requisition was duly approved by the State Comptroller's Department, and the State printing clerk; that said requisition and order were thereupon accepted by appellant, and the merchandise therein ordered was duly delivered as directed; that on February 26, 1936, the Governor's office issued a voucher in appellant's favor in the sum of $28.15, the purchase price of the stationery theretofore ordered; that this voucher was duly approved for payment by the State Comptroller's Department as required by the pre-audit act of 1933, and was thereupon delivered to appellee, State Auditor, who immediately approved said voucher and caused State Warrant No. 94,573 to be issued in appellant's favor, but that appellee refused to deliver said State warrant to appellant, and assigned as reason therefor that the Attorney General's office had advised that said warrant, requisition and voucher were invalid. The prayer was that peremptory mandamus issue compelling the delivery of said warrant by appellee to appellant.

Appellee demurred to the complaint thus filed, and as ground therefor alleged that appellant's suit was one against the State, and as such could not be maintained;

secondly, that said complaint did not allege sufficient facts to constitute a cause of action. The trial court sustained appellee's demurrer and dismissed appellant's complaint from which this appeal comes.

The legal sufficiency of the complaint is the controlling question in the case, and we shall confine ourselves to an examination of this issue. The law is well settled here as well as elsewhere that the discretion or discretionary powers of an executive officer of the State will not be controlled by mandamus. *Street Imp. Dist. No. 74* v. *Refunding Board of Arkansas, ante* p. 892, 95 S. W. (2d) 639; *Refunding Board of Arkansas* v. *National Refining Co.,* 191 Ark. 1080, 89 S. W. (2d) 917. But the rule is equally as well settled, and we have always so held, that mandamus is the appropriate remedy to compel an executive State official to perform a ministerial act. *Moore, Auditor,* v. *Alexander,* 85 Ark. 171, 107 S. W. 395; *Jobe, Auditor,* v. *Caldwell,* 93 Ark. 503, 125 S. W. 423; *Jobe, Auditor,* v. *Caldwell,* 99 Ark. 20, 136 S. W. 966; *Jobe, Auditor,* v. *Urquhart,* 102 Ark. 470, 143 S. W. 121; *Cotham* v. *Coffman, Auditor,* 111 Ark. 108, 163 S. W. 1183; *Hodges, Secretary of State,* v. *Lawyer's Cooperative Co.,* 111 Ark. 571, 164 S. W. 294; *Ellison* v. *Oliver, Auditor,* 147 Ark. 252, 227 S. W. 586; *Hopper, Secretary of State,* v. *Fagan,* 151 Ark. 428, 236 S. W. 820.

Under the allegations of appellant's complaint, which for the purposes of the demurrer must be conceded to be true, to the effect that the State Auditor "caused a warrant to be drawn on an unexpended appropriation payable to this plaintiff in the sum of $28.15, being warrant No. 94,573, etc.," but had arbitrarily refused to deliver same to appellant, it is contended that any discretion abiding in the State Auditor under act 63 of 1933 was exercised when said voucher was presented to him for warrant and said warrant was issued, and that thereafter the delivery of said warrant to appellant, after approval and issuance as approved was merely a ministerial act which may be compelled by mandamus. This contention is fundamentally unsound. There is a concord of opinion to the effect that a written contract acquires no validity until delivery, either actual or con-

structive. See 6 R. C. L., § 58, page 642, and cases there cited.

Therefore, if discretion is vested in the Auditor of State in the approval, issuance or delivery of appellant's claimed warrant, mandamus will not issue to compel its delivery. The question then recurs, is discretion vested in the Auditor in these respects? The pertinent provisions of act 63 of 1933 read: "The Auditor shall satisfy himself that all such contracts, resolutions, authorities for expenditure and proceedings are a proper and legal basis for the payment of State funds, and he is authorized to call upon the Attorney General for opinions when he deems proper. * * *

"It shall be the duty of the Auditor to examine said voucher and the supporting papers, and to compare same with the contract or other authority for expenditure, and if in his opinion the voucher is properly supported, and is for a legal and valid claim against the State, and there is an unexpended appropriation for same, he shall approve the original voucher which shall then become a warrant upon the Treasurer, payable to the order of the person entitled to payment, and shall be paid by the Treasurer."

The language of the act just quoted, "The Auditor shall satisfy himself that all such contracts, resolutions, authorities for expenditure and proceedings are a proper and legal basis for the payment of State funds, and he is authorized to call upon the Attorney General for opinions when he deems proper" can mean but one thing, and that is that the Auditor of State is vested with power and authority to examine into all vouchers presented to him for State warrants which are issued upon contracts, resolutions, etc., drawn against State funds, and ascertain their basis and validity, and, when in doubt with reference thereto, he may call upon the Attorney General for advice in the premises. This is discretion by all definitions known to the law. and is especially so under our recent opinions in the Refunding Board cases cited, *supra*.

*Cotham* v. *Coffman, supra,* cited and relied upon by appellant is not in conflict with the views here expressed.

There the Auditor of State denied the claim of Cotham, a circuit judge, for salary due. The statute under which the claim was presented and denied was § 3412, Kirby's Digest, and it provides: "In all cases of accounts audited and allowed against the State, and in all cases of grants, salaries and expenses allowed by law, the auditor shall draw warrants upon the treasury for the amount due, etc." Under this statute we held that the State Auditor should be compelled by mandamus to issue and deliver to Cotham his salary warrant. A casual reading and comparison of the two statutes involved suffices to demonstrate their wide difference. In the one considered in the Cotham case a peremptory direction to the Auditor appears, whereas, in the one under consideration here the Auditor is authorized, not only to exercise his judgment in respect to the basis of the claim and its validity, but to call upon the Attorney General for advice and directions.

Appellant next urges that irrespective of the discretion resting in the Auditor, he may yet be compelled to act in the premises where there is no dispute as to the validity of the contract or claim. Conceding without deciding that there is no dispute in respect to the validity of appellant's claim against the State; this begs the question of law involved. Discretion, as used in respect to executive State officials, means not only discretion on questions of fact, but on mixed questions of law and fact. Whether such official decides the question right or wrong is immaterial. Having the power to decide at all carries with it the duty to decide as he perceives the law and the facts to be, and the courts have no power to review his determination by mandamus. We have heretofore, in effect, so decided. See *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742. The conclusion reached in the Pitcock case, *supra,* finds support in *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074. See, also, *Branaman* v. *Harris,* 189 Fed. 461.

The trial court was correct in denying to appellant the peremptory writ of mandamus, and its judgment must be affirmed.

SMITH and McHANEY, JJ., dissent.