4-6890                                            166 S. W. 2d 258

Opinion delivered December 7, 1942.

*Elsijane Trimble,* for appellant.

*Glenn G. Zimmerman, E. B. Dillon* and *Philip Mc-Nemer,* for appellee.

Greenhaw, J.   This is an appeal by the Commissioner of Revenues from a judgment of the Pulaski Circuit Court, Second Division, rendered on April 9, 1942, directing said Commissioner to issue a liquor permit to appellee, permitting him to sell liquor at 106 West Markham Street in the city of Little Rock.

In his petition for mandamus appellee alleged that on December 11, 1941, he filed the proper petition for a permit to sell liquor at that address, which is in a concentrated trade area and within a territory in which there is no law or regulation in effect prohibiting the issuance of the liquor license upon his application. He further alleged that he was qualified in every respect to engage in the liquor business and had tendered the proper sum of money for a permit; that his application was denied on January 30, 1942, and "that the action of the Commissioner in refusing the application is arbitrary, discriminatory, without legal authority and in clear abuse of his discretion."

Appellant filed a response, stating his reasons for denying the permit, and alleged that § 1 (a), art. III of Act 108 of the Acts of 1935, now § 14106 of Pope's Digest, authorized him to exercise his discretion in determining whether public convenience and advantage will be promoted by issuing or refusing to issue permits for the sale of liquor, and that he was further given discretion in determining the number of permits to be granted, the location thereof and the person or persons to whom such permits should be issued.

Section 14106 of Pope's Digest, herein referred to, reads as follows:

"It is hereby declared to be the public policy of the State that the number of permits in this State to dispense vinous, (except wines) spiritous or malt liquor shall be restricted, and the Commissioner of Revenues is hereby empowered to determine whether public convenience and advantage will be promoted by issuing such permits, by increasing or decreasing the number thereof; and in order to further carry out the policy hereinbefore declared the number of permits so issued shall be restricted. The Commissioner of Revenues is further given the discretion to determine the number of permits to be granted in each county of this State or within the corporate limits of any municipality of this State to determine the location thereof, and the person or persons to whom they shall be issued.

"The Commissioner of Revenues in exercising this discretionary power shall give due regard to the ordinances and regulations of the municipalities of this state."

Appellant further alleged that under Subsection (c), § 3 of art. III of Act 108 of 1935, now § 14104 of Pope's Digest, he was authorized to adopt rules and regulations not inconsistent with the provisions of said act. Section 14104 of Pope's Digest, among other things, provides as follows:

"The Commissioner of Revenues shall have the following powers, functions and duties: . . .

"Subsection (c). To adopt rules and regulations for the supervision and control of the manufacture and sale of vinous, (except wines) spiritous or malt liquors throughout the state not inconsistent with law."

He further alleged on December 8, 1941, he, as Commissioner of Revenues, promulgated Supplemental Regulation No. 23, superseding any and all other regulations theretofore promulgated pertaining to the issuance of permits and licenses to retail liquor dealers, §§ 2 and 4 of which read as follows:

"2. No new permit shall be issued for the sale of liquor at any premises located within one hundred yards of other premises where the sale of liquor is permitted, except where the Commissioner of Revenes determines that by reason of the concentration of trade within a particular area no unlawful practices are likely to result by reason of the competition within a lesser area.

"4. No new permits shall be issued for the sale of liquor at any premises where the premises for which the permit is requested is located within an area or vicinity wherein the Commissioner of Revenues has determined that the number of premises within such area or vicinity at which the sale of liquor is permitted is sufficient to meet the demand and convenience of the public, and where it is determined by the Commissioner of Revenues that the issuance of a permit for the sale of liquor at additional premises would make the sale of liquor within

such area or vicinity unprofitable to all the dealers within such area and would thereby tend to encourage unlawful sales of liquor within such area or vicinity.''

The response further stated that the application of the petitioner for a permit to engage in the retail sale of liquor at 106 West Markham Street was denied for the reason that the premises at which request was made for permission to sell liquor were located within 100 yards of other premises where the sale of liquor was permitted, and under the provisions of § 2 of Supplemental Regulation No. 23 the permit could not be issued under such circumstances except where the Commissioner of Revenues determined that the public convenience and advantage would be promoted by reason of the issuance of such permit within such area because of concentration of liquor trade therein and the lack of sufficient liquor stores to supply the demand therein; that he had determined that no such facts existed within such area so as to permit him to make an exception from the rule prohibiting the issuance of permits for the sale of liquor from any premises located within 100 yards of other premises where the sale of liquor was permitted; that the premises at which retail sales of liquor were to be made by the petitioner if his application had been granted, in addition to being located within 100 yards of two other liquor stores, are within an area and vicinity wherein are located nine other liquor stores within a distance of a block or a block and a half of the premises where the petitioner intended to sell liquor under the permit he was seeking, and that the application was denied for such reason, which was in accordance with the provisions of § 4 of Supplemental Regulation No. 23.

It was further alleged that appellee sought to control the discretion granted to the Commissioner of Revenues by Act 108 of the Acts of 1935, and that such discretion was not subject to control by the courts.

The circuit court sustained the petition for a writ of mandamus and ordered a permit issued to petitioner herein, from which judgment the Commissioner of Revenues has appealed.

The evidence did not show and it was not contended that appellee was not a fit and proper person to obtain a liquor permit. Only three witnesses testified, and their testimony is not lengthy. The evidence showed that there were nine liquor stores operating within a block and a half of the premises where appellee sought to establish a liquor store, and this is a concentrated trade area. There were two liquor stores operating on West Markham Street between Main and Louisiana streets, in which area appellee sought a permit to establish a liquor store. These stores are on opposite sides of the street and considerably less than 100 yards from the proposed location of appellee. There are two liquor stores on Main Street between Markham and Second, one being on the west and the other being on the east side thereof, less than 100 yards from the proposed location of appellee. Five other liquor stores are operating within a block and a half of the proposed location of appellee.

There was no evidence showing or tending to show that the nine liquor stores located within the area and within a block and a half of the proposed location of appellee were insufficient to meet the demand and convenience of the public, or that any customers or prospective customers were inconvenienced by having to wait in line in order to purchase liquor. The supervisor of the Beverage Division of the Department of Revenues among other things testified: "We thought there were sufficient stores in that area to take care of the needs. . . ."

Appellee contends, however, that the action of appellant in granting a liquor permit to Mrs. Victor Smith on December 13, 1941, on her application which was filed the same day to operate a liquor store in the same general area was evidence that the Commissioner's action in refusing his application for a permit filed two days prior thereto was arbitrary, discretionary and an abuse of discretion.

We are unable to agree with this contention. The Beverage Supervisor testified that Mrs. Smith's husband had filed a number of applications for a liquor

permit prior to the time of appellee's application, and he thought, but was not sure, that she had previously filed an application for a liquor permit. Moreover, her application for a permit was to sell liquor at 114 East Markham Street. At that time there was only one liquor store in operation in the first block east of Main Street on East Markham, and it was on the south side of the street, whereas the location under the Smith permit was on the north side of East Markham Street and east of the bus station.

After the Smith permit had been issued there were six liquor stores within less than a block of the intersection of Main and Markham streets; two on Main, two on East Markham and two on West Markham. The proposed location of appellee was less than a half block from the intersection of Main and Markham streets.

Act 108 of 1935, designated as "The Arkansas Alcoholic Control Act," vested in the Commissioner of Revenues discretion in the issuance and denial of permits to sell liquor and authorized him to adopt rules and regulations for the supervision and control of the sale of liquor not inconsistent with law. It is not contended that Supplemental Regulation No. 23 is either contrary to law or unreasonable and arbitrary. In the case of *Democrat Prtg. & Litho. Co.* v. *Parker, Auditor,* 192 Ark. 989, 96 S. W. 2d 16, this court said:

"The law is well settled here as well as elsewhere that the discretion or discretionary powers of an executive officer of the state will not be controlled by mandamus. *Street Imp. Dist. No. 74* v. *Refunding Board of Arkansas,* 192 Ark. 892, 95 S. W. 2d 639; *Refunding Board of Arkansas* v. *National Refining Co.,* 191 Ark. 1080, 89 S. W. 2d 917. But the rule is equally as well settled, and we have always held, that mandamus is the appropriate remedy to compel an executive State official to perform a ministerial act. *Moore, Auditor,* v. *Alexander,* 85 Ark. 171, 107 S. W. 395; *Jobe, Auditor,* v. *Caldwell,* 93 Ark. 503, 125 S. W. 423; *Jobe* v. *Caldwell,* 99 Ark. 20, 136 S. W. 966; *Jobe, Auditor,* v. *Urquhart,* 102 Ark. 470, 143 S. W. 121, Ann. Cas. 1914A 351; *Cotham* v. *Coff-*

*man, Auditor,* 111 Ark. 108, 163 S. W. 1183; *Hodges, Secretary of State,* v. *Lawyer's Co-operative Co.,* 111 Ark. 571, 164 S. W. 294; *Ellison* v. *Oliver, Auditor,* 147 Ark. 252, 227 S. W. 586; *Hopper, Secretary of State,* v. *Fagan,* 151 Ark. 428, 236 S. W. 820. . . .

"Discretion, as used in respect to executive State officials, means not only discretion on questions of fact, but on mixed questions of law and fact. Whether such official decides the question right or wrong is immaterial. Having the power to decide at all carries with it the duty to decide as he perceives the law and the facts to be, and the courts have no power to review his determination on mandamus. We have heretofore, in effect, so decided. See *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742. The conclusion reached in the Pitcock case, *supra,* finds support in *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074. See, also, *Branaman* v. *Harris,* 189 Fed. 461."

See, also, *Street Improvement District No. 74, Browning. et al., Comm'rs.* v. *Refunding Board of Arkansas,* 192 Ark. 892, 95 S. W. 2d. 639; *Refunding Board of Arkansas* v. *National Refining Co.,* 191 Ark. 1080, 89 S. W. 2d. 917.

The action of the Commissioner of Revenues in refusing to grant a permit to appellee for the retail sale of liquor was a discretionary act under power specifically vested in him by law. We are unable to say that the action of the Commissioner in declining to grant the permit, under the evidence in this case, was arbitrary, discriminatory, without legal authority or an abuse of discretion as urged by appellee. Hence the court erred in sustaining the petition for a writ of mandamus and ordering the issuance of a permit to appellee.

The judgment is, therefore, reversed, and as the cause appears to have been fully developed it is dismissed.