ADAMS, COMMR. *v.* COCKRILL, Judge.

5-1242                                          298 S. W. 2d 322

Opinion delivered February 11, 1957.

*Ivan H. Smith* and *Fred E. Henne,* for petitioner.

*Virginia H. Ham, Robert C. Downie,* and *Edwin E. Dunaway,* for appellee.

PAUL WARD, Associate Justice. Dr. Frances E. Brennecke, as Director of the Crippled Children's Division of the Arkansas State Department of Public Welfare, was relieved of her employment by the petitioner, Carl Adams, Commissioner of said Welfare Department. She appealed to the Merit System Council (sometimes referred to as Council) which upheld her dismissal by the Commissioner.

Dr. Brennecke applied to the respondent court (Pulaski Circuit Court, Third Division) for a Writ of Certiorari to bring up the record of the proceedings before the Council for review. The petitioner moved the trial court to dismiss the Certiorari proceedings on the ground of lack of jurisdiction. The respondent refused to grant the said motion but suspended further proceedings until the matter could be presented to this court for determination on the present petition for a Writ of Prohibition.

In petitioner's own words, there is "only one question for determination by this court, that question is whether or not the Circuit Court can take jurisdiction to review the administrative action of the Commissioner of Public Welfare in terminating the employment of a Welfare Department employee?" The question for decision is briefly and, we think, more properly stated this way: Does the Circuit Court have jurisdiction to review by Certiorari the proceedings before the Merit System Council in this instance?

A consideration of the language and the holding in the case of *McCain, Labor Commissioner,* v. *Collins,* 204 Ark. 521, 164 S. W. 2d 448, forces us to answer the above question in the affirmative and, consequently, against the contention of petitioner. The essential facts

in the cited case, insofar as they bear on the jurisdiction of the Circuit Court to review the proceedings before the Merit System Council, are the same as in the case we are here considering. The same Council was involved in both cases, and in each case the Commissioner (who did the firing) was the head of a State Department participating in the same merit system. In each case the action of the Commissioner was upheld by the Council. In the cited case the Circuit Court, on a Writ of Certiorari, reversed the Council, and on appeal, we reversed the Circuit Court and upheld the actions of the Council. In doing so, however, we distinctly asserted the jurisdiction of the Circuit Court to review, on Certiorari, the proceedings before the Council. In speaking of the Writ of Certiorari, the court said: "The office of the writ is merely to review the errors of law, *one of which may be the legal sufficiency of the evidence*" (emphasis supplied). In other words, we held in the *Collins* case, *supra,* that the courts have jurisdiction to determine "whether the council acted arbitrarily and without legally sufficient evidence" when (as here) it approved the dismissal of Dr. Brennecke.

We cannot agree with petitioner's view that the Council's actions are purely administrative (as opposed to *quasi* judicial) and therefore not subject to review by the courts. As stated by petitioner, the Merit System and the Council have been authorized by the State of Arkansas pursuant to a requirement of the Federal Social Security Act (42 U. S. C. A., § 1202 (a)(5)). From this it is obvious that it was the intent of the State and the Federal Government that employees (such as Dr. Brennecke) should have some measure of security in their employment, and not be subject to dismissal at the whim of an employer. From this it naturally follows that every employee (in a State Department participating in the Merit System) has certain rights which may be enforced in the courts. Since there is no provision in the statutes for an appeal from a decision of the Merit Council to the Circuit Court or any other court, Certiorari is the proper and only remedy for review. *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041.

Section 6 of Act 280 of 1939 (Ark. Stats. § 83-107) gives the Welfare Commissioner the authority to select and discharge employees "subject to the provisions of the rules and regulations established." The above section was amended by Section 1, Act 228 of 1951 (Ark. Stats. Supp. § 83-107) and the language strengthened by an addition to the effect that the Commissioner could only discharge for *cause*.

It is our conclusion, therefore, that the petition for a Writ of Prohibition must be, and it is hereby, denied.