DALE CLINE, DIRECTOR OF LABOR *v.* PLAZA PERSONNEL AGENCY, INC.

5-5981                                   481 S.W. 2d 749

Opinion delivered July 3, 1972

*J. R. Nash* and *John T. Lavey,* for appellant.

*Hale, Hale & Fincher,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Plaza Personnel Agency, applied to the State Director of Labor for a license authorizing Plaza to operate a private employment agency in the state. The Director refused to issue the license. Plaza then brought this action for a writ of mandamus to compel the Director to issue the license. This appeal is from a judgment granting the writ.

. For reversal the Director relies upon the rule that a writ of mandamus will not be issued to require an executive officer to perform a discretionary act. *Hardin* v. *Cassinelli,* 204 Ark. 1016, 166 S.W. 2d 258 (1942). Here, however, the Director's duty is ministerial rather than discretionary. The statute merely requires the applicant to pay a $200 license fee and to make a $1,000 bond to guarantee the applicant's compliance with the terms of the statute. Ark. Stat. Ann. § 81-1001 (Repl. 1960). The statute contains no language investing the Director with discretionary power to deny the application. It is true, as the Director points out, that he may revoke a license after a hearing at which a violation of the statute is shown; but we fail to see how the authority to revoke a license for cause supplies discretionary power to deny the application in the first instance.

It is also argued that the naked authority to issue a license carries with it, by implication, the power to exercise reasonable discretion in granting or refusing to grant such a permit. The fallacy in that argument lies in its assumption that the licensing officer may decide for himself what is a reasonable basis for rejecting an application. Discretionary power may be delegated by the legislature to the licensing authority, but it is essential that reasonable guidelines be provided in the statute. *Walden*

958

v. *Hart,* 243 Ark. 650, 420 S.W. 2d 868 (1967). Inasmuch as the statute now in question affords no guidance whatever for the licensing authority, we must conclude that no discretion in the matter has been invested in the Director. The circuit court was therefore right in directing that the license be issued.

Affirmed.