Robert SELPH et al *v.* QUAPAW VOCATIONAL
TECHNICAL SCHOOL et al

82-142                                    643 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered December 13, 1982
[Rehearing denied January 24, 1983.]

*Virginia Atkinson* and *Mark Justin Raible*, by: *Mark Justin Raible*, for appellant Selph.

*Laser, Sharp, Haley, Young & Huckabay*, by: *Gregory M. Hopkins*, for appellant Arkansas Merit System Board.

*Steve Clark*, Atty. Gen., by: *E. Jeffery Story* and *Nelwyn Davis*, Asst. Attys. Gen., for appellees.

DARRELL HICKMAN, Justice. The issue is whether the State Merit Council had the authority to order the reinstatement of Robert Selph, an employee of the Department of Education. Selph argues the appellees had no right to appeal from the Council's decision. The trial court set aside the Council's order and we affirm the decision.

Robert Selph was fired on December 11, 1980, from his job as food service instructor at the Quapaw Vocational Technical School in Garland County, Arkansas. He was accused of stealing meat from the food service center. Selph elected to protest his firing through the grievance procedure of the Department of Education. A grievance committee met with Selph and decided he could remain on leave without pay through December 15, 1980, while he pursued his grievance. On January 7, 1981, a hearing was held before Shirley Stancil, the Department of Education's personnel officer; after hearing testimony she upheld Selph's dismissal. An Ad Hoc Grievance Committee reviewed the personnel officer's report and recommended to the director of the Board of Education that Selph's termination be upheld. The director took the committee's recommendation and upheld Selph's dismissal on February 27, 1981.

Selph had a right to one more hearing before the State Employee's Grievance Committee, but instead of pursuing that right he filed a petition for judicial review in the

Pulaski County Circuit Court. Five months later that court entered an order transferring the case to the Arkansas Merit Council referring to Act 693 of 1981. This order was entered September 8, 1981. A hearing before the Merit Council was held November 2, 1981, and the Council ordered Selph's reinstatement.

The appellees, the Vo-Tech School and the Department of Education, filed an action in the Garland Circuit Court to prevent the execution of the Merit Council's order or to have it declared void. The action sought court review either by way of appeal or certiorari. Selph objected to the court's jurisdiction and on appeal essentially relies on the principle that there can be no appeal from an order discharging or reinstating a state employee. *Arkansas Livestock and Poultry Commission* v. *House,* 276 Ark. 326, 634 S.W.2d 388 (1982).

The trial court accepted the case and held that there was no statute or rule that authorized the Merit Council to act in Selph's case. The court also held that Selph had waived any right he may have had to review of his case by the Merit Council because Selph elected to seek relief through the Department of Education's grievance procedures and failed to exhaust his remedies under that system.

We agree the Merit Council had no authority to order Selph's reinstatement. The Merit Council had no authority over the matter at all at the time Selph was fired or any time during his search for relief. Therefore, the Council could not act at all in Selph's case. Selph was fired on the 11th day of December, 1980. The final step Selph chose to take in the grievance procedure was exhausted February 27, 1981. He had five days to appeal from that decision to the State Employee's Grievance Committee. Rather than do so he waited twenty-seven days and then filed a petition for review in the Circuit Court of Pulaski County. At that time Act 693 of 1981 was not in effect. In fact, it did not become effective until June 17, 1981, some two months later. We do not reach the question of the import of Act 693.

The appellants' reliance on the case of *Arkansas Livestock and Poultry Commission* v. *House, supra,* is mis-

placed. In *House,* we held an employee had no right to appeal from a department's order firing him. We do not have an attempt to appeal from an adverse ruling of an officer or board authorized to discharge employees. The question here is one of a board that has no authority in a matter and yet makes a decision. More specifically the question is whether such an order can be declared void. In this case one state agency sought to prevent another from acting beyond its authority. The state agency aggrieved has a right by certiorari to seek review of such a matter. *Dixie Downs, Inc.* v. *Arkansas Racing Commission,* 219 Ark. 356, 242 S.W.2d 132 (1951); *In re Goldsmith,* 87 Ark. 519, 113 S.W. 799 (1908); *Adams* v. *Cockrill,* 227 Ark. 348, 298 S.W.2d 322 (1957).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I am puzzled by the majority opinion in this case. It purports to rely on the case of *Arkansas Livestock and Poultry Commission* v. *House,* 276 Ark. 326, 634 S.W.2d 388 (1982), wherein we stated: "On appeal we reverse, holding the discharge of an employee to be an administrative decision and the circuit court is without jurisdiction to review those decisions." The majority proceeds not only to reverse the decision of an administrative agency in reinstating an employee, but also to approve the circuit court's action of reviewing and reversing the administrative decision.

So far as I am concerned, the act of reinstating an administrative employee is no different than an act terminating an administrative employee. I do not believe the present opinion is in harmony with our holding in *Arkansas Livestock and Poultry Commission* v. *House,* supra, wherein we stated:

It seems too obvious for serious argument that the Administrative Procedure Act, enacted in 1967, was never designed nor intended to create supervisory responsibility by the judicial branch of state government over the day-to-day actions of the executive

branch, including the hiring or firing of personnel . . . It hardly need be said that firing employees is clearly an administrative act and not a matter that involves the quasi judicial function of an agency. If firing is subject to judicial review then we can think of no logical reason why hiring should not be also. And if hiring is, it follows that promotion would also come under our purview, and so on and so on.

Therefore, relying upon *Arkansas Livestock and Poultry Commission* v. *House,* supra, I would hold that the administrative function of hiring and firing or promoting and demoting administrative employees is not subject to judicial review. The judicial branch of government has no business meddling in the administrative branch's affairs.

Additionally, I would reprimand the attorney for the state for including in appellees' brief matters which we had previously determined should not be included because they were not a part of the record.