DEPARTMENT OF FINANCE AND
ADMINISTRATION, Revenue Division, et al *v.*
ARKANSAS MERIT SYSTEM COUNCIL BOARD et al

83-97                                        658 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered October 3, 1983
[Rehearing denied October 31, 1983.]

*Timothy J. Leathers, Joseph V. Svoboda, Kelly S.
Jennings, Wayne Zakrzewski, Ann Fuchs, Joe Morphew,*
and *Michael D. Munns,* by: *John H. Theis,* for appellants.

*Haley & Young, P.A.,* by: *Gregory M. Hopkins,* for
appellee Arkansas Merit System Council Board.

*Hardin, Grace, Napper, Allen & East,* for appellees L.
Faye Pierce and E. F. Patton.

DARRELL HICKMAN, Justice. The only question we must
answer in this case is whether the Department of Finance
and Administration, an agency of the executive branch of
government, and the Commissioner of Revenue, have a
right of appeal to the circuit court from a decision of the
Arkansas Merit Council Board which reinstated two fired
employees. There is no such right of appeal for these parties
and the circuit court was right in dismissing their petition
for review.

In 1981, the General Assembly passed Act 693 which established the Merit Council Board essentially to hear appeals of cases concerning disciplined or discharged state employees. The Council has been in existence for years but its jurisdiction and authority was increased by Act 693. *See McCain* v. *Collins,* 204 Ark. 521, 164 S.W.2d 448 (1942). Significantly the 1981 law plainly says: "The decisions by this Board regarding such appeals shall be final and binding on the appointing authority/agency." That language clearly prevents the appellants from seeking judicial review of the Merit Board's order to reinstate the two employees.

*Selph* v. *Quapaw Vocational Technical School,* 278 Ark. 23, 643 S.W.2d 534 (1982), is miscited as authority for the appellant's position. In *Selph* we only held that the Merit Council could not hear an appeal over which it had no jurisdiction and that certiorari was the proper remedy there. That is undisputedly not the case here.

The appellees argue the trial court was right and agree with the trial court's reasoning that such an appeal would make the state a defendant in its own court in violation of Ark. Const. art. 5, § 20. It is unnecessary to decide that issue in view of the plain language of the statute and the narrow issue on appeal. *Miller* v. *Dyer,* 243 Ark. 981, 423 S.W.2d 275 (1968).

The two employees, L. Faye Pierce, an auditor, and E. F. Patton, an audit coordinator, for the Department of Finance and Administration, Revenue Division, urge us to affirm the order of the Merit Council on the basis of substantial evidence and prevent further litigation they anticipate as to the constitutionality of Act 693. Neither party has placed before us issues which might conceivably permit review of this case.

Affirmed.