E. F. PATTON and L. Faye PIERCE *v.*
Charles RAGLAND, Commissioner, Division of Revenue
Department of Finance and Administration;
Dale CHARLES *v.*Scott GORDON, Commissioner of
Arkansas Department of Human Services and
Charles RAGLAND, Commissioner, Division of Revenue,
Department of Finance and Administration

83-304 and 83-305                         668 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered April 16, 1984
[Rehearing denied May 21, 1984.]

*Grace, Napper, Allen & East,* for appellants.

*Timothy J. Leathers, Joseph V. Svoboda, Kelly S. Jennings, Wayne Zakrzewski, Ann Fuchs, Joe Morphew,* and *Mike Munns,* by: *John H. Theis,* for appellee Commissioner of Revenue.

*Steve Clark,* Atty. Gen., by: *Elizabeth Dowling,* Asst. Atty. Gen., for appellee Commissioner of Youth Services, Arkansas Department of Human Services.

ROBERT H. DUDLEY, Justice. Appellants Patton and Pierce were discharged from their jobs with the Division of Revenue of the Department of Finance and Administration. Pursuant to Act 693 of 1981, Ark. Stat. Ann. § 12-3901, et seq. (Supp. 1983), they appealed to the Arkansas Merit System Council Board. The Board ordered appellents reinstated. Appellee Ragland, Commissioner of the Division of Revenue, appealed to circuit court. The circuit court dismissed for lack of jurisdiction. We affirmed, finding judicial review inappropriate because the act provides: "The decision by this Board regarding such appeals shall be final and binding on the appointing authority/agency." *Department of Finance and Administration, et al* v. *Merit System Council Board, et al,* 280 Ark. 325, 658 S.W.2d 369 (1983). Upon remand the appellee commissioner refused to reinstate the appellants to their former positions. Appellants then petitioned the Circuit Court of Pulaski County for a writ of mandamus and asked that the appellee commissioner be directed to reinstate them in accordance with the orders of the Board. The circuit court, finding that the act was unconstitutionally vague and unlawfully delegated legislative authority to the Board, denied relief to the appellant. We affirm. Jurisdiction to determine the constitutionality of an act of the General Assembly is in this court. Rule 29(1)(c).

The act at issue, Ark. Stat. Ann. § 12-3905 (2) (Supp. 1983), provides:

It shall be the duty of the Board to hear *appeals* on its behalf for *Merit and non-Merit System agencies* in accordance with the Merit System Rules and Regula-

tions regarding appeals . . . . The decisions by the Board regarding such appeals shall be final and binding on the appointing authority/agency.

No other provision of the act describes the word "appeals." As a result, the Board is given complete discretion to decide the subject matter to be appealed. In such a vacuum the Board posseses absolute, unregulated and undefined authority to act. For example, the Board might decide to hear appeals from minor personnel disputes such as dress codes or excused absences in inclement weather or the setting of thermostats or eating and drinking at an employee's desk. It might decide to hear appeals from disagreements over pay, job transfers, affirmative action programs or termination of a probationary employee. It might decide to limit appeals to termination of employment of regular employees. In addition the act does not define "Merit and non-Merit System agencies."

Thus, the Board might decide to hear an appeal from any subject matter controversy involving any state agency except the Arkansas State Highway Commission and the Arkansas State Highway and Transportation Department. *See* § 12-3907. In *Cline* v. *Plaza Personnel*, 252 Ark. 956, 481 S.W.2d 749 (1972), we stated: "Discretionary power may be delegated by the legislature to the licensing authority, but it is essential that reasonable guidelines be provided." We have held other acts unconstitutionally vague because key words were not defined. For example, in *Davis* v. *Smith*, 266 Ark. 112, 583 S.W.2d 37 (1979), the enactment dealing with custody rights allowed parental rights to be terminated if the parents could not provide a "proper home." In *Walden* v. *Hart*, 243 Ark. 650, 420 S.W.2d 868 (1967), the act granted the local police chief or the state motor vehicle commissioner the authority to decide, without resort to any definition, which vehicles would be deemed "emergency vehicles" under the statute. We said the " . . . Legislature gave to the named authorities an unbridled discretion and that is fatal" to the act. Despite its presumption of constitutionality, Ark. Stat. Ann. § 12-3905 (2) is so vague that it necessarily delegates legislative authority to the Board and is unconstitutional.

The appellants contend that the General Assembly can, within limits, empower administrative agencies to adopt rules and regulations to carry out the legislative will and, they argue, that was done in this case. For example, the State Highway Commission can be authorized to promulgate reasonable rules and regulations to regulate traffic on state highways. *Snow* v. *Riggs*, 172 Ark. 835, 290 S.W.591 (1927); the Board of Control of State Agricultural Institutions can be empowered to provide for rules and regulations dealing with the eradication of cattle ticks. *Davis* v. *State*, 126 Ark. 260, 190 S.W. 436 (1916); and the State Board of Health can validly promulgate rules, orders, and regulations dealing with the prevention of the spread of disease, *State* v. *Martin and Lipe*, 134 Ark. 420, 204 S.W. 622 (1918). However, the plain wording of § 12-3905 (2) does not empower the Board to promulgate rules and regulations to carry out the purposes of the act.

The appellants next contend that § 12-3905 (2) refers to the Board's rules and regulations and, by reference, incorporates them. They then argue that the missing definition of the word "appeal" can be found in the rules existing at the time of the enactment of the statute. We find no merit in the argument. In *Hall* v. *Ragland, Comm'r of Revenues*, 276 Ark. 350, 635 S.W.2d 228 (1982), we noted that reference statutes are constitutionally permissible. However, a statute will not be construed to be a reference statute unless the unequivocal and inflexible import of the terms of the statute manifests the intent of the General Assembly that the statute be considered as such. The terms of § 12-3905 (2) do not reflect such an intent.

The facts and holding set out above relate to the first of the consolidated cases, *Patton and Pierce* v. *Ragland.* Our decision in that case is determinative of all issues in the companion consolidated case of *Dale Charles* v. *Scott Gordon.*

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

P. A. HOLLINGSWORTH, Justice, dissenting. I disagree with the majority opinion that Ark. Stat. Ann. § 12-3905(2) (Supp. 1983) is unconstitutional. The statute authorizes the Merit System Council Board to hear appeals from Merit and non-Merit System agencies "in accordance with the Merit System Rules and Regulations regarding appeals." The majority bases their decision on the fact that no provision of this act defines the word "appeals." This, the majority claims, gives the Board complete discretion in deciding the subject matter of the appeals it hears. This is not correct. The statute clearly prescribes that the Board will hear appeals in accordance with the existing Merit System Rules and Regulations, thereby incorporating these rules into the statute by reference, a practice we recognized in *Hall* v. *Ragland, Comm'r of Revenues*, 276 Ark. 350, 635 S.W.2d 228 (1982). In that case, we quoted an Alabama opinion as follows:

> There is a class of statutes, known as "reference statutes" which impinge upon no constitutional limitation. They are statutes in form original, and in themselves intelligible and complete — statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes. In the construction of such statutes, the statute referred to is treated and considered as if it were incorporated in and formed a part of that which makes the reference. . . . Such statutes are not strictly amendatory or revisory in character, and are not obnoxious to the constitutional provision which forbids a law to be revised, amended, or the provisions thereof to be extended or conferred by reference to its title only.

Since, as the majority points out, the General Assembly can authorize administrative agencies to promulgate reasonable rules and regulations, I see no reason why the pre-existing rules and regulations of an agency cannot be adopted by reference in a statute just as a pre-existing statute can be. The Merit System Rules & Regulations supply the definitions and terms necessary to delineate the authority of the board to hear appeals. For instance, Rule 12.4.1 provides that "[a] permanent employee who is dismissed, suspended or de-

moted shall have the right of appeal to the Council provided they have exhausted all provisions of the agencies grievance procedure or other administrative remedies or the employee must have sufficient proof that they were denied access to the grievance procedure or other administrative remedies." The Board's jurisdiction is therefore limited to such cases. The majority states that a statute will not be construed to be a reference statute unless the unequivocal and inflexible import of the terms of the statute manifest the intent that the statute be considered as such. The words here meet that test. Given the presumption of constitutionality that every statute enjoys, plus the clear wording of this statute, I do not think that it is unconstitutionally vague. I would grant the requested relief.

PURTLE, J., joins in this dissent.